**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Victor MICHEL, Defendant–Appellant.**

No. 88–1280.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 1989.

Decided June 8, 1989.

---

5. He claims an equal protection violation as well. Because he did not raise the issue below, however, we do not address it.

Victoria C. Belco, Asst. Federal Public Defender, San Francisco, Cal., for defendant-appellant.

Susan B. Gray, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before POOLE, FERGUSON and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

Victor Michel appeals from the sentence imposed after he pleaded guilty to two counts of unarmed bank robbery. The district court imposed a sentence in excess of the applicable guideline range. Michel contends that the departure was unwarranted and unreasonable. We vacate the sentence and remand for further proceedings.

## BACKGROUND

On January 11, 1988, Michel and his two brothers were arrested for robbing a bank that day in Hayward, California. After his arrest, Michel confessed to participating in three other bank robberies committed in December 1987. Pursuant to a preindictment plea agreement, Michel pleaded guilty to two counts of unarmed bank robbery. The district court set sentencing for June 20, 1988. A probation officer prepared a presentence report for the court. The officer calculated Michel's "criminal history points" to total 14. *See* Federal Sentencing Guidelines Manual § 4A1.1. That score placed Michel in the most serious criminal history category, category VI. The probation officer calculated Michel's sentencing guideline range to be 63–78 months.

The officer recommended, however, that the sentencing judge depart from the applicable guideline range and impose a sentence of 120 months. The probation officer felt that Michel's criminal history category did not adequately reflect the seriousness of his past criminal conduct. The officer also found that were it not for the fact that a prior robbery charge against Michel had been reduced to a misdemeanor, Michel would be classified as a career offender and the applicable guideline range would be significantly increased. On June 17, 1988, Michel filed objections to the presentence report, specifically objecting to the recommended departure.

At the sentencing hearing the government did not recommend an upward departure from the guideline range, but recommended instead that Michel receive a sentence at the top of the guideline range. The prosecutor stated that the guidelines adequately reflected Michel's criminal history. The court, however, departed from the guidelines and imposed a sentence of 96 months. In its judgment and commitment order, the district court set forth its reasons for departing from the guidelines:

> Departure from the guidelines, which are 63–78 months, is justified under §§ 4A1.3 and 5K2.0 of the Sentencing Guidelines because the guideline sentence does not adequately reflect defendant's criminal history. Since defendant is in the highest category by reason of several convictions, additional convictions which would otherwise be included in the calculation add nothing further. Defendant is very close to career criminal status. Other similar criminal conduct is not reflected. All of this reflects strong recidivist tendencies. .

Michel timely appealed. We have jurisdiction under 18 U.S.C. § 3742(a)(3), (4) (Supp. V 1987) and 28 U.S.C. § 1291 (1982).

## DISCUSSION

■■■ A sentencing court can impose a sentence outside the range prescribed by the guidelines if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." 18 U.S.C. § 3553(b) (Supp. V 1987). This provision is mandatory. By enacting the sentencing guidelines, Congress sought to eliminate unwarranted sentencing disparity. This goal is preserved by allowing an upward departure only when sufficient aggravating circumstances that were not taken into consideration by the Sentencing Commission are present. Thus, we must initially determine whether a departure is permissible on the grounds articulated by the district court. If departure is permissible, we must then determine whether the sentence imposed is unreasonable. *See* 18 U.S.C. § 3742(d)(3)

(Supp. V 1987); *United States v. Ryan*, 866 F.2d 604, 610 (3d Cir.1989) (court first determines whether departure is legally permissible and then decides whether the given departure is reasonable).

■■ In its judgment and commitment order, the district court stated its reasons for departing from the guidelines in imposing Michel's sentence. The court's conclusory statement of reasons, however, fails to clearly identify the specific aggravating circumstances present in this case. The statement also fails to indicate whether the court found that the Sentencing Commission inadequately considered those circumstances in formulating the guidelines. Absent such a finding, departure is not permitted. We therefore vacate the sentence imposed and remand to the district court for a finding of whether aggravating circumstances not adequately considered by the Sentencing Commission warrant a departure in this case.

## CONCLUSION

We VACATE the sentence imposed and REMAND to the district court for further proceedings consistent with this opinion.