**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose HERNANDEZ–VASQUEZ, Defendant–Appellant.**

**C.A. No. 88–5236.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 1989.

Decided Sept. 14, 1989.

---

Carol Lam, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Barbara L. Davis, San Diego, Cal., for defendant-appellant.

Before SCHROEDER, BOOCHEVER, and BEEZER, Circuit Judges.

PER CURIAM:

Jose Hernandez–Vasquez was arrested after a high-speed chase. He pled guilty and was convicted of transporting illegal aliens under 8 U.S.C. § 1324(a)(1)(B). The district court sentenced him to a term of 24 months, an 8–month–upward departure from the maximum sentence calculated under the Sentencing Guidelines. Hernandez appeals. Because we find that the court relied on improper factors in departing from the guidelines, we vacate the sentence and remand for immediate resentencing.

The district court relied on three factors to justify departing from the guidelines: the high-speed chase during apprehension of the defendant, Hernandez–Vasquez' prior criminal record, and his obstruction of justice by repeatedly using an alias before the court. Hernandez–Vasquez argues that these factors do not support an enhancement of his sentence determined under the United States Sentencing Commission *Guidelines Manual*. The government responds that the district court is not limited in the factors it may consider in imposing sentence. The government argues that the sentence imposed on Hernandez–Vasquez is reasonable and should be affirmed. We reject the government's arguments.

 The guidelines anticipate that departure will be rare. Sentencing Guidelines ch. 1, Part A, Introduction 4(b). A factor already calculated into a sentence under the guidelines may not be a proper basis for departure. *United States v. Nuno–Para*, 877 F.2d 1409, 1412–14 (9th Cir.1989). If a court relies on both proper and improper factors, the sentence must be

**1316**

vacated and the case remanded. *Id.* at 1414. Accordingly, if the court chooses to depart from the guidelines, it must state the reasons for departure from the guidelines with sufficient specificity to allow meaningful review. *United States v. Wells,* 878 F.2d 1232, 1233 (9th Cir.1989) (per curiam).

We have held that causing a high-speed chase is a proper reason for departure from the guidelines when the defendant was the driver of the vehicle. *United States v. Ramirez–De Rosas,* 873 F.2d 1177, 1178–79 (9th Cir.1989). Because Hernandez–Vasquez was not the driver and there is no evidence on the record before us that he was responsible for this chase, this was an improper ground for departure from the guidelines.

Criminal history may also be a ground for departure, but only in limited circumstances where the defendant's record is "significantly more serious" than that of other defendants in the same category. Sentencing Guidelines § 4A1.3 and Commentary. Because there is no showing that Hernandez–Vasquez' record differed significantly from others in the same category, this was also an improper ground for departure.

Hernandez–Vasquez' obstruction of justice by lying to the court is well documented in the record before us and is therefore a proper ground for departure.

Because the district court considered improper factors, we must vacate the sentence and remand for resentencing. However, the defendant has been in custody since February 10, 1988, and his sentence is due to expire on February 9, 1990. We see no justification for enhancing Hernandez–Vasquez' guideline sentence by a period of more than 3 months on account of using an alias in the district court proceedings. An appropriate sentence should not have exceeded the period of time that the defendant has already served. Accordingly, Hernandez–Vasquez is entitled to release from custody after serving a lawfully imposed sentence. The district court should impose such an amended sentence upon remand.

The mandate in this appeal shall issue forthwith.

VACATED and REMANDED.