UNITED STATES of America, Plaintiff–Appellee,

v.

Daniel CERVANTES LUCATERO, Defendant–Appellant.

No. 89–30033.

United States Court of Appeals, Ninth Circuit.

Submitted * Sept. 15, 1989.

Decided Nov. 20, 1989.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a).

Michael W. Lynch, Yakima, Wash., for defendant-appellant.

Robert S. Linnell, Asst. U.S. Atty., for plaintiff-appellee.

Before BROWNING, ALARCON and HALL, Circuit Judges.

JAMES R. BROWNING, Circuit Judge:

Cervantes–Lucatero pled guilty to being an illegal alien in the United States after deportation. His presentence report, prepared as required by the Sentencing Reform Act, 18 U.S.C. § 3552, gave Cervantes–Lucatero a total offense level of six and a criminal history rating of IV and recommended he receive a sentence of six to twelve months. The district court departed upward from this recommendation

and sentenced Cervantes–Lucatero to twenty-four months. Cervantes–Lucatero appeals his sentence.

We review the legality of a criminal sentence *de novo*. *United States v. Marco L.*, 868 F.2d 1121, 1123 (9th Cir.1989). The sentencing court may impose a sentence that departs from the sentencing guidelines, but the guidelines "are a comprehensive set of rules that are designed to limit the sentencing court's discretion," *United States v. Nuno–Para*, 877 F.2d 1409, 1412 (9th Cir.1989), and contemplate departure "only in the unusual case," *id.* at 1413 (citing Sentencing Guidelines) ch. 1, Part A, Introduction 4(b) *see United States v. Uca*, 867 F.2d 783, 787 (3d Cir.1989) (legislative history of Sentencing Reform Act "repeatedly state[s] that departures are to be the exception, not the rule") (citing S.Rep. No. 225, 98th Cong., 2d Sess. 1, 52, *reprinted in* 1984 U.S.Code Cong. & Admin. News 3182, 3235).

The guidelines identify three situations in which departure is appropriate. *See Nuno–Para*, 877 F.2d at 1413; Sentencing Guidelines § 1A4(b). The district court found Cervantes–Lucatero's case fell within the third situation—that is, there were grounds for departure not mentioned in or not adequately considered by the guidelines. Those grounds were (1) Cervantes–Lucatero was in the class of illegal aliens "who contribute nothing to society but to violate its laws," rather than in the class of those "who are here to seek work,"[1] and (2) Cervantes–Lucatero's criminal history did not adequately reflect his state court convictions because the sentences imposed on the basis of those convictions were not severe enough.[2]

1. The district court stated:
   First of all, this Court has always adhered to a philosophy that distinguishes those people who appear before the Court on this charge. There are those who are here to seek work, refugees from the depression that exists in Mexico, with some attempt to better themselves or support their families. Then there are those people who come here and live off of the land in the modern sense of the word, who contribute nothing to society but to violate its laws; and certainly your record puts you in the second category.

2. The district court stated:

   Now, addressing the Guidelines to your situation makes a mockery out of them, as you have been permitted to do by the simple fact that despite several serious violations at the State level, you have never been given a sentence of sufficient severity to add the points that would justly reflect an appropriate sentence in your case. That's apparently a current problem with the State system, but it's not one which is going to occur in this Court, recognizing the realities of your conduct while you have been here [in the United States].

"In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission." 18 U.S.C. § 3553(b); *accord Nuno–Para,* 877 F.2d at 1413.

■ Nothing in the sentencing guidelines, policy statements or official commentary suggests, by analogy or otherwise, that some illegal aliens charged with re-entering this country after deportation may be punished more harshly than others, depending on whether they re-entered to work or for some other reason—except that illegal activity after re-entry may result in enhancement because of the alien's criminal history, a factor considered below. The court's first ground for departure "indicates dissatisfaction with the guidelines rather than a reasoned judgment that particular characteristics of the offense ... have not been accounted for." *Id.* at 1414.

■ The court's second ground for departure—the seriousness of Cervantes–Lucatero's criminal history was not adequately reflected because the sentences imposed on Cervantes–Lucatero by state courts were too light—may or may not have been a proper ground for departure. Because the guidelines do consider a defendant's criminal history, it is a proper ground for departure "only in limited circumstances where the defendant's record is 'significantly more serious' than that of other defendants in the same [criminal history] category." *United States v. Hernandez–Vasquez,* 884 F.2d 1314, 1316 (9th Cir. 1989); *accord* Sentencing Guidelines § 4A1.3 and Commentary. The guidelines list examples of the limited circumstances in which a defendant's criminal history may be regarded as "significantly more serious" than his criminal history category:

Examples might include the case of a defendant who (1) had several previous foreign sentences for serious offenses, (2) had received a prior consolidated sentence of ten years for a series of serious assaults, (3) had a similar instance of large scale fraudulent misconduct established by an adjudication in a Securities and Exchange Commission enforcement proceeding, (4) committed the instant offense while on bail or pretrial release for another serious offense or (5) for appropriate reasons, such as cooperation in the prosecution of other defendants, had previously received an extremely lenient sentence for a serious offense.

*Id.* § 4A1.3.

To aid in achieving the congressional goal of eliminating unwarranted sentencing disparities, the district court in ordering an upward departure must "specify the events in [the defendant's] criminal history that the court found inadequately represented." *United States v. Wells,* 878 F.2d 1232, 1232–33 (9th Cir.1989) (per curiam); *accord Hernandez–Vasquez,* 884 F.2d at 1315–16; *United States v. Michel,* 876 F.2d 784, 786 (9th Cir.1989). The court's findings must be "sufficiently specific so that this court can engage in the meaningful review envisioned under § 3742 of the [Sentencing Reform] Act." *Wells,* 878 F.2d at 1233.

Two recent cases suggest the level of specificity required. In *Wells,* the district court stated:

"The court concludes that the defendant's criminal history category significantly underrepresents the seriousness of the defendant's criminal history, and the seriousness of the defendant's criminal history more closely resembles that of defendants of a category VI criminal history...."

*Id.* at 1232. We found this "conclusory statement ... inadequate to permit meaningful appellate review." *Id.* at 1233.

In *Michel,* the district court stated:

"[T]he guideline sentence does not adequately reflect defendant's criminal history. Since defendant is in the highest category by reason of several convictions, additional convictions which would otherwise be included in the calculation add nothing further. Defendant is very close to career criminal status. Other similar criminal conduct is not reflected. All of this reflects strong recidivist tendencies."

876 F.2d at 786. We found these reasons inadequate because they failed to identify the additional convictions that added "nothing further" and the criminal conduct that was "not reflected." *Id.*

The district court's statement of reasons for departure in Cervantes–Lucatero's case is similar to those found unsatisfactory in *Wells* and *Michel.* The record discloses three state convictions of possessing controlled substances and the sentences imposed, but no more. We do not know why or on what basis the district court concluded the state sentences were too lenient. Moreover, we have no basis for determining whether the court acted on "reliable information" as required by Sentencing Guidelines § 4A1.3. On this record, we are unable to review whether the departure was permissible, and if so, whether it was reasonable. *Id.*

There is another problem with the district court's action. When the court departs from the guidelines because a defendant's criminal history category is inadequate, the court is to "use, as a reference, the guideline range for a defendant with a higher ... criminal history category." Sentencing Guidelines § 4A1.3. Because the district court did not indicate which criminal history category it used or how it arrived at a sentence of twenty-four months, we could not review the reasonableness of the departure even if we were to conclude some departure was permissible. *Cf. Wells,* 878 F.2d at 1233.

The government argues we should uphold the upward departure on the ground Cervantes–Lucatero's criminal history did not reflect two outstanding bench warrants and two pending felony drug charges. The district court did not rely on these factors, and was not required to do so. When the district court does not articulate specific reasons for departure and the general reason stated may or may not be impermissible, or when some of the reasons stated are proper and some are improper, we must vacate and remand for resentencing. *See,*

*e.g., id.; Hernandez–Vasquez,* at 1315–16; *Nuno–Para,* 877 F.2d at 1414; *Michel,* 876 F.2d at 786.

We note Cervantes–Lucatero has already served nine months of his sentence. Because the guidelines suggest a sentence of six to twelve months, we order the mandate to issue forthwith and encourage the district court to resentence Cervantes–Lucatero as soon as possible.

VACATED and REMANDED.