**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Joaquin CHAVEZ–BOTELLO,**
**Defendant–Appellant.**

**No. 89–30175.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 1990 *.

Decided June 5, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed. R. App. P. 34(a).

Daniel D. Lorello, Bothwell & Lorello, Yakima, Wash., for defendant-appellant.

Robert S. Linnell, Asst. U.S. Atty., Yakima, Wash., for plaintiff-appellee.

Before BROWNING, ALARCON and RYMER, Circuit Judges.

PER CURIAM:

Jose Joaquin Chavez–Botello entered a guilty plea to one count of being an alien in the United States after deportation in violation of 8 U.S.C. § 1326. His sentencing range under the Sentencing Reform Act of 1984, as amended, 18 U.S.C. §§ 3551–3586, was found to be nine to fifteen months. The district court sentenced Chavez–Botello to a twenty-four month prison term. Chavez–Botello appeals.

We review the legality of a criminal sentence *de novo.* *United States v. Marco L.,* 868 F.2d 1121, 1123 (9th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 369, 107 L.Ed.2d 355 (1989). When reviewing departures from the sentencing guidelines, this court must determine first whether departure is permissible, and then whether the sentence imposed is unreasonable. *See* 18 U.S.C. § 3742(d)(3); *United States v. Michel,* 876 F.2d 784, 786 (9th Cir.1989).

A court may impose a sentence outside the guideline range if "the court finds that there exists an aggravating or mitigating circumstance . . . not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). In sentencing Chavez–Botello, the district court stated the following reasons for upward departure:

> The Court notes that this is your fifth felony conviction and your third appearance in the Federal Court on this same charge, one of them before this very Court. . . . The Court does not feel that the Sentencing Guidelines appropriately consider your failure to understand the nature and persistence of your recidivism; nor the fact that because you will be deported upon completion of your sentence, you will avoid a fine because of the practical impossibility of collecting it; and much more importantly, avoid the

opportunity to place you under supervised release.

Chavez–Botello argues that the district court's reference to "recidivism" is nothing more than a reference to his prior criminal history, which is already accounted for in the guidelines.

■ In calculating the degree of punishment accorded to a defendant with a prior criminal record, the Commission considered "the likelihood of recidivism" as a factor. United States Sentencing Commission, *Guidelines Manual*, Ch. 4, Pt. A, intro. comment (Nov. 1989). To determine the appropriate point score in the criminal history category, both the defendant's prior convictions and their proximity to the most recent conviction are considered. *Guidelines Manual*, at § 4A1.1. However, the criminal history category does not consider the similarity between the prior offenses and the current offense.

An upward departure from the guideline range is permitted "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." *Guidelines Manual*, at § 4A1.3. In *United States v. De Luna–Trujillo*, 868 F.2d 122, 125 (5th Cir.1989), the Fifth Circuit held that the similarity between two offenses provides a reason to enhance a criminal sentence under § 4A1.3. "The recidivist's relapse into the same criminal behavior demonstrates his lack of recognition of the gravity of his original wrong, entails greater culpability for the offense with which he is currently charged, and suggests an increased likelihood that the offense will be repeated yet again." *Id.* Since the similarity between the prior and current offenses is not considered when computing the criminal history category, a departure for this reason is permissible. Therefore, the district court's first ground for departure is proper.

■ Chavez–Botello next argues that a departure based on his deportation was also in error. This court has recently found that a departure based upon the ground that a defendant would be immedi-

ately deported following release is not permissible. *United States v. Ceja–Hernandez*, 895 F.2d 544, 545 (9th Cir.1990) (per curiam). This ground for departure "indicates dissatisfaction with the guidelines rather than a reasoned judgment that particular characteristics of the offense ... have not been accounted for." *Id.* at 545 (quoting *United States v. Cervantes–Lucatero*, 889 F.2d 916, 918 (9th Cir.1989)). Therefore, the district court's second ground for departure is improper.

■ Finally, in considering an upward departure based on the inadequacy of the defendant's criminal history score, "the court [should] use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable." *Guidelines Manual*, at § 4A1.3; *Cervantes–Lucatero*, 889 F.2d at 919. Since "the district court did not indicate which criminal history category it used or how it arrived at a sentence of twenty-four months," *id.*, we cannot review the reasonableness of the departure, even though we conclude that some departure is permissible. *Id.*

Therefore, we vacate Chavez–Botello's sentence and remand for resentencing in accordance with this opinion.

VACATED AND REMANDED.