954 F.2d 727
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fernando SANCHEZ-BIRRUETTA, Defendant-Appellant.
 No. 91-30110.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1991.*
Decided Feb. 12, 1992.
 
 Before EUGENE A. WRIGHT, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fernando Sanchez-Birruetta appeals the sentence imposed upon him for his conviction by a jury of illegal reentry after deportation in violation of 8 U.S.C. § 1326. The district court departed upward from the applicable guideline range and denied the defendant's request for a downward adjustment for acceptance of responsibility.
 
 I. Acceptance of Responsibility
 
 3
 Whether a defendant has accepted responsibility for his crime is a factual determination reviewed for clear error. United States v. Goodrich, 919 F.2d 1365, 1369 (9th Cir.1990). The finding of the district court judge is entitled to great deference on review and will not be disturbed unless it is without foundation. United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990).
 
 A. Basis for Denial
 
 4
 Sanchez-Birruetta argues that the district court's decision to deny an adjustment for acceptance of responsibility was not supported by proper findings. The district court need not make express findings so long as it explains the basis for its ruling. United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990).
 
 
 5
 At sentencing, the judge overruled the defendant's objection to the initial presentence report recommendation of no adjustment. Although the judge did not specifically state his reasons for denying an adjustment for acceptance of responsibility, the Government argues that the court's overruling of the defendant's objection suffices as the court's finding that the defendant had not accepted responsibility. The presentence report contained no findings on the defendant's acceptance of responsibility. Logically, then, the court must have based its decision on other information at sentencing, which included the Government's objections to the presentence report and the court's observation of the defendant during the trial and sentencing hearing. The subsequent statements made by the district court judge when he announced that he would depart upward show that the judge believed that the defendant had lied. Sanchez-Birruetta testified at trial that he had returned to the United States solely to reclaim his property. The judge, however, believed that Sanchez-Birruetta intended to make good on his vow to continue to sell drugs.
 
 
 6
 The court did not find that Sanchez-Birruetta had demonstrated he had accepted responsibility as required by section 3E1.1 of the Sentencing Guidelines. The defendant could have requested a more definitive ruling, but did not. See Rigby, 896 F.2d at 394.
 
 
 7
 Sanchez-Birruetta argues that, because he admitted he had returned to the country illegally and said he was sorry, he was entitled to the reduction. However, even a plea of guilty does not entitle a defendant to the adjustment as a matter of right. U.S.S.G. § 3E1.1(c); United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991). A defendant is entitled to a two-level reduction if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1(a). Lack of veracity at trial and refusal to cooperate with the probation office when Fifth Amendment rights are not implicated, are not inappropriate grounds for denying the adjustment. The district court's decision was not clearly erroneous.
 
 II. Notice
 
 8
 Sanchez-Birruetta claims that the district court did not provide adequate notice of its decision to depart upward. Whether a defendant received adequate notice and an opportunity to be heard concerning the district court's intent to depart is reviewed de novo. United States v. Cota-Guerrero, 907 F.2d 87, 89 (9th Cir.1990). Before a district court can depart upward, Fed.R.Crim.P. 32 requires that the court give reasonable notice to the parties. Burns v. United States, 111 S.Ct. 2182 (1991); Fed.R.Crim.P. 32(a)(1). The notice requirement is satisfied if the ground for departure is identified in the presentence report or in a prehearing submission by the Government. Burns, 111 S.Ct. at 2187.
 
 
 9
 The defendant had notice of the ground for departure. Sanchez-Birruetta's presentence report identified his history of drug dealing, his stated intent to return to the United States after deportation, and his threat to a police officer as factors that could warrant an upward departure. Although the presentence report did not recommend an upward departure, it still provided effective notice to the defendant. See United States v. Nuno-Para, 877 F.2d 1409, 1415 (9th Cir.1989). The defendant also had notice from the Government's sentencing memorandum, which specifically referred to the same factors and urged an upward departure. The notice provided to Sanchez-Birruetta falls clearly within the requirements of Burns, 111 S.Ct. at 2187.
 
 III. Upward Departure
 
 10
 The defendant claims that the district court did not explain how it arrived at the sentence imposed. A sentence is unreviewable if the sentencing court fails to articulate adequately the grounds for departure and the reasons for the extent of departure. United States v. Ward, 914 F.2d 1340, 1347 (9th Cir.1990); United States v. Cervantes Lucatero, 889 F.2d 916, 919 (9th Cir.1989).
 
 A. Grounds for Departure
 
 11
 First, the defendant argues that the case must be remanded because the district court failed to articulate the extent to which it relied on each factor individually when deciding to depart upward by eleven months. We agree with the Government that the departure was based essentially on one factor: the defendant's stated intent to return to the United States to sell drugs.
 
 
 12
 In its sentencing memorandum and at the sentencing hearing, the Government urged an upward departure because Sanchez-Birruetta, only 24-years old at the time of sentencing, had already been convicted five times on drug charges (possession of cocaine, possession of heroin, and delivery of cocaine) and had told the police officer whom he had threatened that he would continue to return to the United States to sell drugs.
 
 
 13
 The district court judge stated that he was departing upward because of the "defendant's extensive history of drug dealing, his stated intent to return to this country to continue drug dealing after any deportation, and his death threat to a police officer." The transcript of the sentencing hearing makes clear that the district court based the upward departure on the defendant's stated intent to continue to return to the United States to sell drugs. The court stated:
 
 
 14
 I am going to depart upward, and I am going to sentence you more than the guideline provision. But the message I want to give to you is that you have said that you are going to keep coming back here dealing drugs, and you have done that. I mean you have been sent down there, and you have come right back up, just like a rubber ball bouncing back up here. But the message I want to give to you is if you get caught doing this again, you are probably going to spend the rest of your life in prison....
 
 
 15
 Next, the defendant claims that the court failed to articulate the reasons why each factor was a permissible basis for departure. We examine this question in light of our conclusion that the court relied on the single factor: the defendant's likelihood of recidivism.
 
 
 16
 Whether a departure is permissible under the Guidelines on the grounds relied upon by the sentencing court is reviewed de novo. United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc). If the court based the departure on factors that the Sentencing Commission already considered in formulating the Guidelines, then the departure is impermissible. Id. Whether the Commission considered the factors is subject to de novo review. Id.
 
 
 17
 The likelihood of recidivism is a permissible basis for departure. Section 4A1.3 of the Sentencing Guidelines allows an upward departure if "the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3. Not all factors that are highly correlated with the likelihood of recidivism, such as age and drug abuse, are included in the criminal history category. U.S.S.G. Ch. 4, Pt.A, intro. comment.
 
 
 18
 To depart on the basis of likelihood of recidivism, the sentencing court must compare the defendant's propensity to commit crime with the propensity for recidivism already accounted for in the criminal history category, and specify why the defendant is unlike other defendants in the same category. United States v. Durham, 941 F.2d 858, 863 (9th Cir.1991) (where court referred to defendant's extensive criminal history, continued involvement in crime, increased violence of crimes, violent acts against law enforcement, and where it noted that the violent acts were not typical of all defendants with the score assigned to Durham, court had made sufficient findings to support upward departure within Category VI); United States v. Singleton, 917 F.2d 411, 413 (9th Cir.1990) (where court noted pattern and acceleration of seriousness of offenses, stated that defendant's criminal history was more serious than that of most defendants in that category, and adopted most of the presentence report that recommended departure to protect the community, court's determination to depart was "just barely" adequate).
 
 
 19
 The district court referred to Sanchez-Birruetta's youth and the failure of previous incarcerations to deter his criminal activities. The court stated that Sanchez-Birruetta's extensive history of drug dealing, intent to return to this country to sell drugs after any deportation, and his death threat to a police officer warranted an upward departure. The court also imposed a substance abuse condition on the sentence. Although the court could have articulated more clearly the basis for its finding that the defendant's likelihood of recidivism was greater than that of other defendants in the same category and offense level statement, see Singleton, 917 F.2d at 413, we find that the court's statement was adequate.
 
 B. Degree of Departure
 
 20
 Sanchez-Birruetta also argues that the district court erred when it failed to explain how it arrived at an upward departure of eleven months. The Government does not squarely address this argument.
 
 
 21
 The sentencing court must state its reasons for the degree of its departure from the Guidelines. Departure sentences must "be consistent with other sentences fixed by the Guidelines or suggested by Commission standards and policies." Durham, 941 F.2d at 862 (quoting Lira-Barraza, 941 F.2d at 749). See 18 U.S.C. § 3553(a)(6). In Lira-Barraza, the court said that "[t]o facilitate appellate review," the district court should explain "the extent of the departure founded on the structure, standards and policies of the Act and Guidelines." Lira-Barraza, 941 F.2d at 751. Where the reasons given for the extent of departure are inadequate, the case must be remanded. United States v. Faulkner, 934 F.2d 190, 196 (9th Cir.), amended (Dec. 24, 1991); Cervantes Lucatero, 889 F.2d at 919; United States v. Wells, 878 F.2d 1232, 1233 (9th Cir.1989).
 
 
 22
 Sanchez-Birruetta's sentence was increased by eleven months, from offense level 12 to the equivalent of offense level 15 within criminal history category VI. The sentencing judge must articulate reasons "of a type contemplated by the Act and the Guidelines, and based on a sufficiently sound factual foundation, to justify [the extent of the] departure from the guidelines." United States v. Gayou, 901 F.2d 746, 749 (9th Cir.1990) (quoting United States v. Miller, 874 F.2d 466, 471 (7th Cir.1989)).
 
 
 23
 The transcript of Sanchez-Birruetta's sentencing hearing shows that the judge considered that, if the defendant were caught on another drug-related charge, the Government would be able to prosecute him under a career-criminal statute that would result in a much more serious sentence under the Guidelines. See U.S.S.G. § 4B1.1. Sanchez-Birruetta had five prior drug-related convictions, and his arrest on a drug-loitering charge on September 11, 1990, led to his prosecution for illegal reentry in this case. The career offender provisions apply to convictions for crimes of violence or controlled substance offenses only. However, the district judge was clearly concerned that Sanchez-Birruetta was likely to be convicted of another drug-related offense, which could result in a heightened offense level of at least 17 with a sentencing range of 51-63 months. See, e.g., 18 U.S.C. § 841(b) (penalties for crimes of possession with intent to distribute). The district judge departed only by eleven months. We find that the judge's statements to Sanchez-Birruetta at sentencing adequately explained the extent and purpose of the departure. Cervantes-Lucatero, 889 F.2d at 918.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3