978 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose GALVES-GUTIERRES, Defendant-Appellant.
 No. 91-50826.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1992.
Decided Nov. 5, 1992.
 
 Before JAMES R. BROWNING, DAVID R. THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Galves-Gutierres appeals the imposition, under the Sentencing Guidelines, of a thirty month sentence for transporting illegal aliens. We vacate, because a controlling decision has come down since his sentencing which requires that the district court either make additional findings, or sentence Galves-Guttieres again, depending on what findings may be made.
 
 
 3
 We review a sentencing court's legal determinations de novo. United States v. Cervantes Lucatero, 889 F.2d 916, 917, (9th Cir.1989).
 
 
 4
 We recently held that multiplying the upward adjustment of 3C1.2 based on the number of individuals endangered is inappropriate. United States v. Hernandez-Rodriguez, No. 91-50572, slip op. at 11175 (9th Cir. Sept. 15, 1992). The district court appears to have adjusted or departed upward under 3C1.2 in a manner which Hernandez-Rodriguez subsequently barred:
 
 
 5
 I find the most logical and reasonable and least ludicrous method of dealing with a departure, based on your conduct, is to deal with 3C1.2. There is a two level adjustment. I am going to give a two level adjustment for the people in the car. I am going to give a two level adjustment for the public jeopardized by your conduct, two level adjustment for the law enforcement officers that tried their duties to stop you. That raises the offense level of 9 to 15.
 
 
 6
 A departure may have been justified based on application note 8 to section 2L1.1. See United States v. Hernandez-Rodriguez slip op. at 11182. Lira-Barazza requires the district court to provide a "reasoned explanation of the extent of the departure founded on the structure, standards and policies of the Act and Guidelines." United States v. Lira-Barraza, 941 F.2d 745, 751 (9th Cir.1991). Here, the grounds for departure were articulated prior to our decision in Hernandez-Rodrigues, so we cannot determine whether the district court would have departed upward, how far, or on what grounds, under the current state of the law.
 
 
 7
 An additional issue on appeal which will probably recur on remand is whether, under § 2L1.1 of the Sentencing Guidelines, Galves-Gutierres is entitled to a three-point adjustment downward because he did not commit the offense "for profit." Galves-Gutieres said he received no money, just a discount on what the coyotes charged him to smuggle him in. The court determined that the adjustment was inappropriate. The court's explanation allows for two interpretations. It may be that the court found that Galves-Guttieres' story was a lie, and that he was a paid coyote. If so, denial of the adjustment was proper. Or it may be that the court deemed the adjustment inappropriate even if Galves-Guttieres was telling the truth. That would be erroneous. Application Note 1 to § 2L1.1 exempts from the definition of "for profit" a defendant "who commits the offense solely in return for his own entry or transportation." The purpose of the adjustment seems to be to distinguish commercial alien smugglers from those just trying to get in themselves. The guidelines treat the latter class as deserving of less punishment than the mercenaries, or "coyotes," committing the crime purely for money. One who smuggles others in to pay for his own smuggling, but who has to pay the coyotes something in addition, is more like the smuggled-in aliens than the mercenary coyotes.
 
 
 8
 REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3