33 F.3d 60
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
COWDEN GRAVEL & READY-MIX, INC., Defendant-Appellee.
 No. 93-30365.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 14, 1994.
Decided Aug. 16, 1994.
 
 Before: GOODWIN, D.W. NELSON, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The United States government appeals the fine imposed under the Sentencing Guidelines against Cowden Gravel & Ready-Mix, Inc. ("Cowden") after the corporation's guilty plea conviction for bid rigging in violation of the antitrust provisions of the Sherman Act, 15 U.S.C. Sec. 1.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742 and we vacate the fine imposed and remand for resentencing with respect to it.
 
 I.
 
 4
 The sentencing transcript clearly establishes that the district court believed that Cowden's possible future debarment from federal contracts constituted a collateral consequence supporting a downward departure.[1] The district court may depart from the applicable guideline range if it identifies a mitigating circumstance of a kind or to a degree the Sentencing Commission did not adequately take into account when formulating the Guidelines. See United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc). However, even if the circumstance is one not adequately considered, the district court cannot depart if the circumstance is inconsistent "with the sentencing factors prescribed by Congress in 18 U.S.C. Sec. 3553(a), [and] with the Guidelines....". Id. We find that Cowden's possible civil debarment is a mitigating circumstance adequately taken into account by the Guidelines.
 
 
 5
 U.S.S.G. Sec. 5E1.2(d)(5), which covers individuals, states that "any collateral consequences of conviction, including civil obligations arising from the defendant's conduct" should be considered in determining a fine within the Guideline range. U.S.S.G. Sec. 8C2.8, which is applicable only by analogy,[2] echoes this exact sentiment with regard to organizations. These Guideline provisions support the proposition that possible debarment is a collateral consequence to be considered in imposing a fine within the Guidelines range and is therefore not a suitable basis for departure.
 
 
 6
 This result is further supported by our prior decisions considering the propriety of departing on the basis of collateral consequences within the context of deportation. We have uniformly held that deportation as a result of a conviction cannot serve as a basis for departure. See United States v. Chavez-Botello, 905 F.2d 279, 281 (9th Cir.1990); United States v. Ceja-Hernandez, 895 F.2d 544, 545 (9th Cir.1990). The reasoning supporting this rule is that "When setting the offense level for entry after deportation, the Sentencing Commission would certainly have been aware of the practice of promptly deporting aliens after they serve such sentences." Id. Here, debarment is an ordinary collateral consequence of a bid rigging conviction, see 48 C.F.R. Sec. 9.406, and thus we find that the Guidelines already reflect this additional punishment. The district court erred in relying on Cowden's possible future debarment as a basis for downward departure.
 
 
 7
 The parties dispute, and the sentencing transcript does not conclusively establish, what factors aside from the collateral consequence of Cowden's possible debarment influenced the district court's decision to depart downward. Appellant argues that the district court departed either to equalize the conconspirators' sentences or to account for cooperation in the absence of a Sec. 5K1.1 motion. Neither of these factors constitute a permissible basis for departure. See United States v. Petti, 973 F.2d 1441, 1448 (9th Cir.1992) (district court may not grant a downward departure to avoid the unequal treatment of codefendants), cert. denied, 113 S.Ct. 1859 (1993); United States v. Goroza, 941 F.2d 905, 909 (9th Cir.1991) (district court may not circumvent the requirement of Sec. 5K1.1 that any departure based on substantial cooperation be premised on a motion for such departure by the government). Cowden argues that the district court relied on the aberrant behavior rule as an alternative basis for downward departure. See United States v. Fairless, 975 F.2d 664, 666 (9th Cir.1992) (a sentencing court may depart if it finds a violation of the law was an aberrant act). Therefore, aside from the district court's impermissible reliance on the collateral consequence of Cowden's possible debarment, remand is also necessary to determine the extent to which any of these other factors influenced the court's decision to depart.[3] See United States v. Nuno-Para, 877 F.2d 1409, 1413-14 (9th Cir.1989) (district court's sentence vacated where reasons for departure are unclear).
 
 
 8
 VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Despite Cowden's argument to the contrary, Appellant did sufficiently object at sentencing to the use of collateral consequences as a basis for departure. See ER 41, 42
 2 U.S.S.G. Chapter 8, which covers organizations, was not included in the Guidelines version incorporating amendments effective November 1, 1990. Therefore, Sec. 8C2.8 is not directly applicable to Cowden and may be used only as an "analogue". United States v. Cox, 7 F.3d 1458, 1462 n. 3 (9th Cir.1993).
 
 
 [3]
 Given our conclusion that the district court's departure was impermissible, we need not reach Appellant's argument that the extent of the departure was unreasonable