57 F.3d 1078
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Ricky BIRCH and Sharon Birch, Defendants-Appellees,
 Nos. 94-30110, 94-30111.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1995.*
Decided June 14, 1995.
Order Granting Rehearing and Amending Opinion Nov. 7, 1995.
 
 On Appeal from the United States District Court, for the Western District of Washington (Tacoma), D.C. No. CR-92-01324-JET; Jack E. Tanner, District Judge, Presiding.
 W.D.Wash.
 VACATED.
 Before: SKOPIL, HALL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The United States appeals the district court's decision to depart downward pursuant to U.S.S.G. Secs. 5K2.0, 5K2.10 and 5K2.11 in sentencing each of these defendants. On appeal, we consider first, whether the district court correctly identified mitigating circumstances that may justify departure; second, whether the identified circumstances actually exist; and third, whether the extent or degree of departure was reasonable. United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc). We vacate and remand for resentencing.
 
 DISCUSSION
 1. Circumstances Warranting Departure
 
 3
 The district court correctly identified mitigating circumstances for two of the three grounds it determined justified departure. In departing pursuant to section 5K2.0, however, the district court failed to identify a mitigating circumstance. That failure requires us to vacate defendants' sentences. United States v. Michel, 876 F.2d 784, 786 (9th Cir.1989). On remand, the district court should identify any circumstance that justifies departure pursuant to section 5K2.0. A mitigating circumstance justifies departure if it is "of a kind or to a degree the Commission did not adequately take into account when formulating the Guidelines," and "the circumstance is consistent with the sentencing factors prescribed by Congress, ... the Guidelines, and ... the Constitution." Lira-Barraza, 941 F.2d at 746.
 
 
 4
 2. Factual Findings that Circumstance Exists
 
 
 5
 a. Section 5K2.11
 
 
 6
 Section 5K2.11 recognizes that departure may be appropriate in situations where a defendant commits "a crime in order to avoid a perceived greater harm ... provided that the circumstances significantly diminish society's interest in punishing the conduct." The district court explained that it was departing on this ground because "it seems to me obviously that the defendant had, among other things, in his mind of [sic] finishing that project, that he thought would be of greater interest to society in the completion of the project than the money lost by the bank."
 
 
 7
 The district court erred in finding that the facts of this case warrant departure pursuant to section 5K2.11. The Birches obtained the construction loan from Pacific First Federal with the intent to falsify invoices to inflate their draws, and to use the proceeds to pay off the SeaFirst real estate loans. The Birches and their partners created the need to defraud Pacific First Federal, and the risk that their financing would collapse. The Birches claim that they are entitled to a downward departure because they defrauded the bank only to prevent the greater harm of having the project fail due to lack of financing. Yet, the Birches and their partners themselves created the risk that this need would arise. It is unlikely that the Commission contemplated departure under these circumstances. See U.S.S.G. Sec. 5K2.11 ("Where [society's] interest in punishment or deterrence is not reduced, a reduction in sentence is not warranted.").
 
 
 8
 b. Section 5K2.10
 
 
 9
 Section 5K2.10 provides that departure may be appropriate when "the victim's wrongful conduct contributed significantly to provoking" defendant's offense. The district court found that bankers at Pacific First Federal "approved of, either implicitly or by past practice" the Birches' activities.
 
 
 10
 The United States contends that the conduct of the loan officers cannot warrant departure under this guideline because the bank, not the loan officers, was the "victim." We reject this contention. The Tenth Circuit's decision in United States v. Rackley, 986 F.2d 1357, 1361 (10th Cir.), cert. denied, 114 S.Ct. 173 (1993), did not address the issue presented in this case and we do not follow it. Because the bank acts only through its agents, the conduct of the bankers is clearly relevant to the issue of whether the victim's conduct provoked the defendants' offense.
 
 3. Reasonableness of the Departure
 
 11
 The district court also erred by failing to explain the degree of departure in this case. See United States v. Hicks, 997 F.2d 594, 559 (9th Cir.1993) ("If the district court fails to articulate the reasons for the extent of departure ... [we] must vacate and remand.") (quotation omitted).
 
 CONCLUSION
 
 12
 The Birches' sentences are vacated and remanded. On remand, the district court may depart based on sections 5K2.0 and 5K2.10. It must, however, properly identify a mitigating circumstance justifying application of section 5K2.0, and explain the degree or extent of any departures it elects to make.
 
 
 13
 VACATED AND REMANDED.
 
 
 14
 CYNTHIA HOLCOMB HALL, Circuit Judge, dissenting in part:
 
 
 15
 I join in the court's disposition, except insofar as it approves the district court's downward departure for victim misconduct, under U.S.S.G. Sec. 5K2.10. That Guideline provision should only rarely apply to a nonviolent offense. I have found no published circuit court opinion approving such a departure, and do not believe the alleged victim misconduct in this case warrants such extraordinary treatment. I therefore respectfully dissent as to this one issue only.
 
 
 16
 Before: SKOPIL, HALL, and WIGGINS, Circuit Judges.
 
 ORDER
 
 17
 Nov. 7, 1995.
 
 
 18
 The government's petition for rehearing is GRANTED. We agree that under the facts of this case, it would be error for the district court to depart downward pursuant to U.S.S.G. Sec. 5K2.10. Accordingly, the panel's prior decision is amended by withdrawing section 2.b. and the dissent. On remand for resentencing, the district court is limited to departures based on U.S.S.G. Sec. 5K2.0.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3