116 F.3d 1487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Greg Scott NELSON, Defendant-Appellant.
 No. 96-10393.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1994.
Decided June 23, 1997.
 
 Appeal from the United States District Court for the District of Nevada, No. CR-93-00101-DWH; David Warner Hagen, District Judge, Presiding.
 Before: REINHARDT, T.G. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 A. Upward Departure
 
 2
 The district court based its upward departure on its finding that Nelson had committed numerous prior similar offenses and that there was an increased likelihood that Nelson would commit a similar offense yet again. These bases of departure are permissible and not an abuse of discretion. See United States v. Chavez-Botello, 905 F.2d 279, 281 (9th Cir.1990). See also United States v. Segura-Del Real, 83 F.3d 275, 278 (9th Cir.) (holding defendant's history of repetitive immigration violations "demonstrated a total lack of recognition of the gravity of such offenses" and warranted upward departure), cert. denied, 117 S.Ct. 328 (1996).
 
 B. Plea Agreement
 
 3
 Nelson admits that the letter of the plea agreement was not violated, but argues that the "spirit" of the plea agreement has been violated. We disagree.
 
 
 4
 The plea agreement provided that the criminal history category "could change based upon the investigation by the [probation office] and the findings of the District Court at the time of sentencing," and that Nelson was "aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offenses to which he has pled guilty." The district court departed upward based on its finding that Nelson had committed numerous prior similar offenses and that there was an increased likelihood that Nelson would commit a similar offense again. This basis of departure is permissible, see Chavez-Botello, 905 F.2d at 281, and did not violate the "spirit" of the plea agreement.
 
 
 5
 Nelson's reliance on United States v. Castro-Cervantes, 927 F.2d 1079 (9th Cir.1990), is misplaced. In Castro-Cervantes, we held that a sentencing court "should not accept a plea bargain and then later count dismissed charges in calculating the defendant's sentence." Id. at 1082. In the present case, the district court did not consider dismissed charges in calculating Nelson's sentence.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3