**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Orville MORRISON, Defendant–Appellant.**

No. 06–30019.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed Nov. 30, 2006.

Marcia Good Hurd, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Mark S. Werner, Esq., Federal Defenders of Montana, Billings, MT, for Defendant–Appellant.

Before: GOODWIN, FISHER, and SMITH, Circuit Judges.

## MEMORANDUM *

An indictment charged Appellant Orville David Morrison with Second Degree Murder (Count I), Use of a Firearm During a Crime of Violence (Count II), and being a Felon in Possession of a Firearm (Count III). Morrison pled guilty to Count III. After deliberating on Count I, a jury found Morrison guilty of the lesser offense of voluntary manslaughter. The jury found Morrison guilty as to Count II.

Citing § 4A1.3 of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), the district court departed upward and imposed a 240–month sentence. Morrison argues that the district court erred because U.S.S.G. § 4A1.3 is inapplicable to his case. Morrison also argues that his sentence is unreasonable.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's interpretation of the Guidelines, its application of the Guidelines to the facts of the case for abuse of discretion, and its factual findings for clear error. See United States v. Kimbrew, 406 F.3d 1149, 1151 (9th Cir.2005). We affirm the district court's application of U.S.S.G. § 4A1.3 and its imposition of a 240–month sentence.

■ The district court did not err when it concluded that Morrison's 1994

assault conviction and the current offense are factually similar. In addition, the district court properly applied U.S.S.G. § 4A1.3 because the similarities between Morrison's 1994 conviction and the current offense constitute "reliable information ..." since "... the criminal history category does not adequately reflect ... the likelihood of recidivism...." U.S. SENTENCING GUIDELINES MANUAL § 4A1.3, cmt. background (2002); see United States v. Chavez–Botello, 905 F.2d 279, 281 (9th Cir. 1990) (per curiam) ("Since the similarity between the prior and current offenses is not considered when computing the criminal history category, a departure for this reason is permissible."); United States v. Segura–Del Real, 83 F.3d 275, 277 (9th Cir.1996) (same).

■ Morrison's sentence is reasonable. The district court adequately reviewed the factors listed in 18 U.S.C. § 3553(a) at the sentencing hearing. The district court specifically considered Morrison's history and characteristics and weighed Morrison's abusive childhood against the violent nature of the current offense before imposing a sentence within the appropriate Guidelines range. See United States v. Mix, 457 F.3d 906, 912–13 (9th Cir.2006) (upholding sentence against reasonableness challenge where district court considered, but gave little weight to, defendant's history of mental instability).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.