**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Wayne L. WELLS,
Defendant–Appellant.**

No. 88–3234.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 1989.*

Decided July 12, 1989.

Kelly J. Varnes, Burdett Law Firm, P.C., Billings, Mont., for defendant-appellant.

Klaus P. Richter, Asst. U.S. Atty., Billings, Mont., for plaintiff-appellee.

Before GOODWIN, WRIGHT and NORRIS, Circuit Judges.

PER CURIAM:

Wayne Louis Wells, a felon, was found in possession of a firearm and charged with a violation of 18 U.S.C. § 922(g)(1) (West Supp.1989). Wells pleaded guilty to the charge and a presentence report was prepared, as required by the Sentencing Reform Act. 18 U.S.C. § 3552 (West Supp. 1989). Applying the categories established by the Sentencing Commission, the presentence report gave Wells a criminal history rating of IV and his offense a "total offense level" of seven. Based on these two ratings, the Sentencing Guidelines recommend a sentencing range from eight to fourteen months. The district court, however, sentenced Wells to twenty-four months incarceration. In this appeal, Wells challenges the district court's departure from the Sentencing Guidelines. We vacate the sentence and remand for further proceedings.

The district court explained its decision to depart from the Sentencing Guidelines' recommended sentence as follows:

The court concludes that the defendant's criminal history category significantly underrepresents the seriousness of the defendant's criminal history, and the seriousness of the defendant's criminal history more closely resembles that of defendants of a category VI criminal history....

This brief statement is the only explanation in the record for the district court's upward departure from the Guidelines. The district court did not specify the events in Wells' criminal history that the court found

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

inadequately represented by a category IV rating. Nor did the court indicate why it chose to place Wells in category VI (the highest criminal history category) as opposed to category V, an intermediate category. The court simply stated that Wells' criminal history rating underrepresented his true criminal history.

■ In our opinion, this conclusory statement by the district court is inadequate to permit meaningful appellate review of the district court's departure from the Guidelines. The Sentencing Reform Act expressly provides that the sentencing court must state "the specified reason for imposition of a sentence different from that described [in the Guidelines]." 18 U.S.C. § 3553(c) (West Supp.1989). This requirement is not satisfied by a general recitation that the defendant's criminal history category or offense level underrepresents, in the sentencing court's opinion, the defendant's criminal record or the seriousness of the charged offense. The district court must set forth the specific aspects of the defendant's criminal history or of the charged offense that the district court believes have not been adequately represented in the recommended sentence. While we cannot set forth exactly how specific these findings must be to support a departure from the guidelines, we note that they must be sufficiently specific so that this court can engage in the meaningful review envisioned under § 3742 of the Act, which provides that a sentence should be set aside by this court if it departs unreasonably from the Guidelines' recommended sentence. 18 U.S.C. § 3742(e) (West Supp.1989). In the instant case, the district court, at the very least, must point to specific aspects of Wells' criminal history which it believes have not been taken into account adequately by the Commission's guidelines for determining a defendant's criminal history category.

The requirement that the district court articulate, at sentencing, the specific reasons for any departure from the recommended sentence is entirely in keeping with the purpose of the Sentencing Reform Act. The Act was intended to do away with the uncertainties and the disparities in sentencing which resulted from earlier systems, where judges had broad discretion in imposing sentence. *See Mistretta v. United States,* — U.S. —, 109 S.Ct. 647, 651, 102 L.Ed.2d 714 (1989). To allow a judge to depart from the guidelines with no more explanation than that provided here would invite a return to sentencing practices rejected by Congress.

■ Finally, we note an additional error requiring reversal. Due to a clerical mistake in the sentencing report, the district court apparently construed the report as giving Wells a "total offense level" of nine. In fact, the sentencing report had deducted two points because of Wells' acceptance of responsibility for the offense, giving Wells a "total offense level" of seven. Thus, the district court erred in using an offense level of nine as one of the variables in determining Wells' sentence under the Guidelines.

Accordingly, the sentence is VACATED and the case is REMANDED to the district court for the court to set forth the specific reasons for its departure from the Sentencing Guidelines. Upon remand, the district court is also directed to correct its error as to Wells' total offense level and to resentence Wells accordingly.