**UNITED STATES of America,
Plaintiff/Appellee,**

v.

**Enrique MENDOZA, Jr.,
Defendant/Appellant.**

No. 89–10215.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 14, 1989 *.

Decided Nov. 17, 1989.

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

177

David M. Ochoa, Phoenix, Ariz., for defendant-appellant.

Janet L. Patterson, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before WIGGINS and KOZINSKI, Circuit Judges, and QUACKENBUSH **, District Judge.

PER CURIAM:

Enrique Mendoza, Jr., appeals the sentence imposed pursuant to the Sentencing

** Hon. Justin L. Quackenbush, United States District Judge for the Eastern District of Washington, sitting by designation.

Guidelines, 18 U.S.C. § 3553 after a guilty plea to the offense of Supplying False Documents (8 U.S.C. § 1160(b)(7)(A)(ii)).

## I. FACTUAL BACKGROUND

The defendant, Enrique Mendoza, Jr., was originally charged with three counts of supplying false documents to aliens for the purpose of the aliens acquiring lawful residence status in the United States. The defendant pleaded not guilty and proceeded to trial before a jury on November 1 and 2, 1988. The jury was unable to reach a verdict on any of the counts and, therefore, a mistrial was declared.

On February 13, 1989, the Government and the defendant entered into a plea agreement whereby the defendant pleaded guilty to Count 1 and the Government dismissed Counts 2 and 3. The Government agreed to recommend to the court that the defendant be placed on probation, if the defendant gave a detailed statement as to his activities in 1985 and 1986. The defendant complied with that agreement.

Since the offense of conviction took place after November 1, 1987, the Sentencing Guidelines apply to this case. A presentence report was prepared in this matter which showed a base offense level of 6. Pursuant to § 2L2.1(b) of the Sentencing Guidelines, the offense level was increased three levels by reason of the offense being committed for profit. Two points were deducted for the defendant's acceptance of responsibility, which resulted in a final offense level of 7. The defendant's criminal history was minimal, resulting in a Criminal History Category of 1. The Guideline Range from the Sentencing Table was 1 to 7 months. The presentence report did not suggest any basis for an upward departure based upon profit from the offense, over and above the three-level increase. In fact, Part G–*IMPACT OF THE PLEA AGREE-MENT* states: "The plea restricts the court to probation, eliminating other sentencing options." This statement was probably inaccurate since the plea agreement only obligated the Government to recommend probation. This inaccuracy was not argued in the briefs, but it points out the fact that

the presentence report contained nothing which would put the defendant on notice that the court was considering departure from the guidelines based upon the profit factor.

On April 17, 1989, the defendant appeared before the court for sentencing. Pursuant to the plea agreement and the defendant's compliance with the agreement to make disclosure as to his prior activities, the Government recommended that the defendant be placed on probation. The court then sentenced the defendant to incarceration for a term of 18 months, without any prior discussion of the guidelines and without any notice to the defendant that the court was considering an upward departure from the sentencing range of 1 to 7 months. The sole colloquy by the court before the imposition of sentence was as follows:

MS. PATTERSON (Counsel for the Government): Your Honor, if I may make a statement.

The Government has a great deal of information about Mr. Mendoza's other activity, other than the charged activities. I do not believe, with what we did have, that we could have brought other charges.

THE COURT: I'm not interested in the other charges. I'm really just [not] interested in putting Mr. Mendoza on probation, where he has obtained, I believe literally thousands of dollars from people who don't have it, and who are here to work and earn money for their families.

And, as a result of his activities and the activities of his associates, those people have really been prejudiced in whatever rights they have to the possibility of continuing to be here.

That is the concern I have.

Anything further?

MR. OCHOA (Counsel for the defendant): Nothing further, Your Honor.

MS. PATTERSON: No, Your Honor.

THE COURT: All right. If there is nothing further then, the Court finds that the defendant Enrique Mendoza, Jr. has been convicted by his plea of guilty to the offense of supplying false doc-

uments, as charged in Count 1 of the indictment.

It is adjudged that the defendant is hereby committed to the custody of the United States Attorney General or his authorized representative for a term not to exceed 18 months.

Following the imposition of the 18-month sentence, counsel for the defendant advised the court that in view of the upward departure from the 1-to-7-month sentencing range, he contemplated an appeal and asked the court to state its reason for the departure. The court stated as follows:

THE COURT: Well, let's see what the guideline range is here.

MR. OCHOA: One to seven months, I believe.

THE COURT: Yes. I believe that one to seven months does not reflect the seriousness of the actual offense behavior of the defendant. And that accepting or sentencing the defendant to not more than seven months incarceration, would undermine the statutory purposes of sentencing and would not be in the public interest to have him sentenced in that manner.

I think overall, as I indicated earlier, Mr. Mendoza has been responsible for literally thousands and thousands of dollars being paid to him by illegal aliens, with the expectation on their part, that they would be able to obtain some kind of legal status in this country.

Mr. Mendoza has done nothing to reimburse any of those people or to do anything to assist them with respect to their problems.

The defendant appeals from the sentence imposed, contending that the court erred in failing to give him notice of its intent to depart upward from the guideline range and in failing to give him the opportunity to address the alleged factual basis for the proposed upward departure. The defendant also contends that since the offense level was adjusted upward three levels for the profit motive in the offense of conviction, the sentencing court could not use that factor for a further upward departure.

## II. ANALYSIS

The sentence in this case was imposed shortly after the Supreme Court found the Sentencing Guidelines to be constitutional in *Mistretta v. United States*, —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989.) As such, the sentencing court did not have the benefit of any decisions by this court concerning guideline departures. Since the date of the imposition of sentence, this court has handed down several decisions which dictate remand of this matter.

### A. Lack Of Notice Of Proposed Upward Departure

The recent case of *United States v. Nuno-Para*, 877 F.2d 1409 (9th Cir.1989) instructs that if the sentencing court is considering an upward departure, the court must, prior to the actual imposition of sentence, advise the defendant and his counsel of a proposed upward departure, and give the defendant and his attorney the opportunity to comment. Likewise, the court must inform the defendant of any factual matter it considers is an appropriate basis for an upward departure and give the defendant a reasonable opportunity to contest the issue.

■ It is not necessary that the notice of proposed departure be contained in the presentence report. It likewise is not necessary that the defendant be given notice by the sentencing court of a proposed upward departure prior to the sentencing hearing, although due process concerns and Fed.R. Crim.P. 32(a)(1)(A), (B), and (C) would seem to dictate that such notice be given as soon as is reasonably possible to enable the defendant to prepare to meet the issue. So long as a defendant receives notice of the proposed departure and is given the opportunity to address the issue prior to the imposition of sentence, there is no due process violation.

■ In this case, the defendant was given no notice of a proposed upward departure, either in the presentence report, or by the court prior to the imposition of sentence. No notice or opportunity to respond having been given to the defendant prior to the imposition of the increased sentence, the defendant must be resentenced.

### B. Grounds For Upward Departure

■ The sentencing court stated that it believed the defendant "obtained ... literally thousands of dollars from people who don't have it." The Sentencing Guidelines clearly establish that only the factors involved in the offense of conviction may be considered in determining whether there is a basis for an upward departure. Section

5K2.0 of the guidelines state in part as follows:

Where the applicable guidelines, specific offense characteristics, and adjustments do take into consideration a factor listed in this part, departure from the guideline is warranted only if the factor is present to a degree substantially in excess of that which ordinarily is involved in the offense of conviction.

*United States v. Uca,* 867 F.2d 783, 787 (3rd Cir.1989) recognized that the specific aspects of only the offense of conviction are to be considered in determining whether an upward departure is warranted. In drafting the guidelines, the Commission decided against a real offense system of sentencing since it found that real offense charging and sentencing contained too many of the disparities of the old system. Therefore, the Commission determined that sentences are to be based upon the conduct for which the defendant was *charged and convicted,* rather than on the aggregate of his identifiable conduct. Sentencing Guidelines, Ch. One, Part A–Introduction, § 4(a), at 1.5.

■ The guidelines anticipate that departure[s] will be rare. Sentencing Guidelines § 1A4(b). *United States v. Hernandez–Vasquez,* 884 F.2d 1314, 1315 (9th Cir. 1989). In this case, the commission of the offense for profit was already considered in the computation of the defendant's offense level pursuant to guideline § 2L2.-1(b), and the defendant's offense level was increased from 6 to 9 for that reason. Since the profit aspect of the offense was therefore accounted for, it was improper for the court to depart upward by reason of that factor, unless there was a finding that the profit involved in the *offense of conviction* was of such a magnitude that the three-step increase in the offense level already added did not properly reflect the offense level of the *offense of conviction.* In this case, there is no finding by the court as to the profit involved in the offense of conviction. Upon resentencing, the court should make findings as to the profit involved in the offense of conviction and then determine if the profit was of such a magnitude as to not be properly reflected in the three-step increase already added.

■ Subsequent to the sentencing in this case, this court established that a general recitation that the offense level underrepresents, in the sentencing court's opinion, the seriousness of the charged offense does not satisfy the requirement of the Sentencing Reform Act that the sentencing court must state "the specified reason for the imposition of a sentence different from that described [in the guidelines]." 18 U.S.C. § 3553(c) (West Supp.1989). *United States v. Wells,* 878 F.2d 1232 (9th Cir. 1989). The general recitation of the sentencing court in this case was almost identical to that language rejected in *Wells.*

The Sentencing Guidelines are a comprehensive set of rules that are designed to limit the sentencing court's discretion. The purpose for the guidelines is the prevention of disparity in sentencing. 18 U.S.C. § 3553(b) circumscribes the authority of the sentencing court to depart from the sentencing range provided by the guidelines. The Sentencing Guidelines and the Sentencing Commission state that it is not expected that courts will depart from the guidelines and that departure would occur only in the unusual case. "The district court's discretion is further fettered by any analogy provided by the guidelines, and by the requirement of setting forth specific reasons for departure." *United States v. Nuno–Para,* 877 F.2d 1409, 1413 (9th Cir. 1989).

We conclude that, in this case, the defendant was not given appropriate notice of the sentencing court's disposition to depart upward from the sentencing range. We further conclude that since the monetary gain was already considered in the computation of the offense level by the addition of three levels, the profit motive was not an appropriate basis for an upward departure unless the sentencing court finds that the profit from the offense of conviction was of such an extraordinary amount that the three-level increase did not properly reflect the profit factor.

For those reasons, this matter is REMANDED to the sentencing court for resentencing in accordance with this Opinion. Since the defendant has already served over 6 months in custody, the mandate shall issue in this matter forthwith.

REVERSED AND REMANDED.