917 F.2d 566
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee
v.
Frankie CONTRERAS, Defendant-Appellant.
 No. 89-50635.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1990.
Decided Nov. 2, 1990.
 Before ALARCON, WILLIAM A. NORRIS, Circuit Judges and CALLISTER,* District Judge.
 MEMORANDUM**
 Contreras appeals from the sentence imposed by the district court following his plea of guilty to the crime of conspiracy to possess phencyclidine. We vacate the sentence and remand for new sentencing proceedings.
 * The record shows that the district court concluded that Contreras was a career offender based on the recommendation and the "conclusions and analyses" in the presentence report. The presentence report contains the following statement:
 Career Offender Adjustment: As shown in Part B, the criminal history section of this report, CONTRERAS was convicted of assault with a deadly weapon on March 2, 1981. Additionally, on April 3, 1986, CONTRERAS was convicted on the charge of possession of narcotic substance with prior. These offenses were felonies and resulted in prison terms in excess of one year and involved crimes of violence or controlled substances. Since the instant federal offense also involves a controlled substance, and the defendant was 18 years of age or older at the time of its commission, he is considered a career offender within the meaning of Section 4B1.1 of the guidelines. The statutory maximum for the instant offense is life, so the offense level determined under 4B1.1(A) is 37.
 The conclusion that Contreras was convicted of a controlled substance offense that can be considered in classifying a person as a career offender is erroneous. Contreras was convicted of violating California Health and Safety Code Sec. 11350(a), which prohibits the possession of a controlled substance. Section 4B1.2(2) defines the types of controlled substance offenses which may act as a predicate offense in determining career offender status. It defines "controlled substance offense" as "an offense identified in 21 U.S.C. Secs. 841, 845(b), 856, 952(a), 955, 955(a), 959, and similar offenses." Since Contreras was convicted of a state crime, we must determine whether that crime is similar to the listed offenses.
 The offenses listed in section 4B1.2(2) are distribution offenses. Section 841 prohibits manufacture, distribution, and possession with intent to manufacture or distribute a controlled substance. Section 845(b) prohibits distribution to a minor. Section 856 prohibits maintaining a place of manufacture. Similarly, sections 955, 955(a), and 959 prohibit importation type activities.
 Possession of a controlled substance is not included in sections 841, 845(a), 856, 952(a), 955, 955(a) or 959. Thus, Contreras was not convicted of a crime similar to the offenses listed in section 4B1.2(2). Accordingly, he cannot be characterized as a career offender by relying on his conviction of possession of a controlled substance.
 At oral argument, the government contended that the district court's conclusion that Contreras is a career offender is correct because he was previously convicted of two violent offenses. In determining that Contreras was a career offender, the district court did not base its decision on a finding that Contreras had been convicted of two violent offenses. Thus, Contreras has not had an opportunity to present a defense to this new factual theory raised by the government for the first time on appeal.
 In several recent cases, this court has stressed the necessity to place the defendant on notice of the basis for the court's sentencing decision so that he can mount a defense. See United States v. Mendoza, 890 F.2d 176, 179 (9th Cir.1989) ("the court must inform the defendant of any factual matter it considers is an appropriate basis for an upward departure and give the defendant a reasonable opportunity to contest the issue"); see also, United States v. Nuno-Para, 877 F.2d 1409, 1415 ("the court must advise the defendant that it is considering departure based on a particular factor and allow defense counsel an opportunity to comment").
 To afford Contreras an opportunity to demonstrate that he has not been convicted of two violent crimes, we must remand this matter to the district court for a new sentencing proceeding. We express no opinion regarding the government's contention that Contreras is a career offender because he has been convicted of two violent crimes. That issue must initially be resolved by the district court.
 II
 During oral argument, the government forthrightly and commendably suggested that a remand appears necessary because Contreras may not have been given proper credit for his acceptance of responsibility. We must remand for a determination of this issue as well.
 CONCLUSION
 The district court concluded that Contreras was a career offender based on inaccurate information in the presentence report. The government's theory that Contreras is a career offender because he committed two violent offenses has not been considered by the district court. The defense has not had the opportunity to challenge the factual or legal basis for this contention. Because we must remand this matter for a new sentencing hearing, we decline to reach the other issues raised by the parties.
 VACATED and REMANDED.
 
 
 
 *
 Honorable Marion J. Callister, Senior United States District Judge for the District of Idaho, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3