977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Boyd LIVINGSTON, Defendant-Appellant.
 No. 91-10552.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1992.*
Decided Sept. 30, 1992.
 
 Before WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Appellant Boyd Livingston appeals the sentence imposed by the district court following his conviction for kidnapping in violation of 18 U.S.C. § 1210(a)(1). Livingston argues that the district court erred by failing to state adequately its reasons for departing upwards. This court has jurisdiction under 28 U.S.C. § 1291. We reverse and remand for resentencing.
 
 BACKGROUND
 
 3
 Livingston was convicted of kidnapping in violation of 18 U.S.C. § 1210(a)(1) following his plea of guilty. His original offense level was twenty-seven and his criminal history category was VI. This resulted in a Guidelines range of 130-162 months.
 
 
 4
 However, the district court elected to depart upwards from the Guidelines on the basis of Livingston's criminal history. As Livingston was already in the highest criminal history category, the district court departed upwards by increasing his offense level by three. This resulted in a new Guidelines range of 168-210 months. The district court then sentenced Livingston to 200 months incarceration.
 
 
 5
 The district court elected to depart upwards because Livingston's criminal history was underrepresented significantly and the Guidelines sentence did not reflect adequately the likelihood that Livingston would continue to commit crimes. The district court did not articulate specifically the reasons for its conclusion that Livingston's criminal history was underrepresented. Livingston then appealed.
 
 
 6
 I. The District Court Erred By Failing To Articulate Specifically Its Reasons For Concluding That Livingston's Criminal History Was Significantly Underrepresented.
 
 
 7
 In evaluating a district court's departure from the Sentencing Guidelines this court must examine three factors: (1) whether the district court adequately identified the aggravating or mitigating circumstances that are the basis for its departure and that were not taken into consideration adequately by the Sentencing Commission; (2) whether there were sufficient factual findings supporting the existence of the identified circumstance; and (3) whether the extent or degree of the departure was reasonable. United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc). Livingston contends that the district court failed to identify adequately the basis for its upward departure, an issue that this court reviews de novo. United States v. Gomez, 901 F.2d 728, 729 (9th Cir.1990).
 
 
 8
 A general recitation that the defendant's criminal history category does not reflect adequately the defendant's criminal history is not sufficient to satisfy the requirement that the district court adequately state the basis for its departure. United States v. Wells, 878 F.2d 1232, 1233 (9th Cir.1989); United States v. Michel, 876 F.2d 784, 786 (9th Cir.1989) (conclusory statement that defendant's criminal history was underrepresented not sufficient). The district court must point to specific aspects of defendant's criminal history that the court believes have not been considered adequately in order to satisfy this factor. United States v. Wells, 878 F.2d at 1233.
 
 
 9
 Here, the district court did not identify specifically what aspects of Livingston's criminal history it believed had not been considered adequately. The court simply stated that it believed that Livingston's criminal history was underrepresented and did not reflect his propensity to commit crimes:
 
 
 10
 I think that consistent with section 4A1.3 of the sentencing guidelines we have here a situation where clearly reliable information indicates that the criminal history category of VI simply doesn't adequately reflect the seriousness of the defendant's past criminal conduct, or and unfortunately, or the likelihood that he will commit other crimes.
 
 
 11
 Such a general recitation is insufficient to allow meaningful appellate review. See United States v. Wells, 878 F.2d at 1233 (district court's conclusory statement that "the defendant's criminal history category significantly underrepresented the seriousness of defendant's criminal history" was found inadequate to permit meaningful appellate review). Consequently, the sentence must be vacated and the action remanded for resentencing.
 
 
 12
 At resentencing the district court should review the record and consider whether the record justifies an upward departure. The district court should also resolve the issue concerning the pre-sentence report. Livingston objected to several of the factual descriptions of his prior offenses. The district court declined to address this issue as Livingston did not object to the overall Guidelines calculation in the presentence report. However, this issue is relevant if the district court is relying on the facts surrounding any of the prior offenses in finding that an upward departure is warranted.
 
 
 13
 If, after reviewing the record and resolving the pre-sentence report issue, the district court concludes that an upward departure is warranted, then the court must identify specifically the factors that support its belief that Livingston's criminal history is underrepresented, explaining its conclusion that the Sentencing Commission did not consider adequately those factors in formulating the Guidelines. The court must also provide reasons for the extent of its upward departure.
 
 
 14
 The judgment of the district court is hereby, REVERSED and REMANDED for resentencing in accordance with this disposition.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3