9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Michael Thomas COLACE, Defendant-Appellee.
 No. 92-50752.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 2, 1993.
Decided Nov. 1, 1993.
 
 Before: TANG, CANBY, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The United States appeals the district court's decision to suspend imposition of sentence and instead impose a five year term of probation on defendant Michael Colace following his conviction on seven counts of armed bank robbery. Because the sentence is illegal under 18 U.S.C. § 3561(a)(1), we vacate and remand for resentencing.
 
 
 3
 * This court reviews de novo the legality of the district court's decision to depart from the requirements of 18 U.S.C. § 3561. Cf. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984).
 
 
 4
 Section 3561(a) of 18 U.S.C. provides that: "A defendant who has been found guilty of an offense may be sentenced to a term of probation unless--(1) the offense is a Class A or a Class B felony...." (Emphasis added.) See also U.S.S.G. § 5B1.1(b) ("A sentence of probation may not be imposed in the event ... the offense of conviction is a Class A or B felony") (emphasis added). An offense that is not otherwise specifically classified by a letter grade is classified as a Class B felony if the maximum term of imprisonment authorized by the statute creating the offense is twenty years or more.[1] 18 U.S.C. § 3559(a)(1)(B).
 
 
 5
 Colace was convicted of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Because the maximum term of imprisonment prescribed for a violation of 18 U.S.C. § 2113(a) is twenty years and that prescribed for a violation of 18 U.S.C. § 2113(d) is twenty-five years, the counts for which Colace was convicted qualify as Class B felonies. Therefore, by the plain terms of 18 U.S.C. § 3561(a), the district court was required to sentence Colace to a term of imprisonment.
 
 
 6
 Colace argues that the district court did, in fact, comply with this requirement. According to Colace, the district court imposed a ten and one half month term of imprisonment: four and one half months for the time Colace served between his arrest and sentencing, plus six months in a "jail-type institution" as provided in the commitment order. We find that the record does not support this interpretation of the district court's sentencing decision. The district court clearly stated both at the sentencing hearing and in the commitment order that it was suspending Colace's sentence and imposing a five year term of probation.[2] Thus, the district court's action violated the mandates of 18 U.S.C. § 3561 and U.S.S.G. § 5B1.1.
 
 II
 
 7
 The Government argues that not only did the district court exceed its authority by suspending Colace's sentence, but that it erred in imposing a term of incarceration less than that dictated by the applicable Sentencing Guideline range of 87 to 100 months. Colace argues to the contrary that sufficient grounds existed to justify a downward departure from the applicable range.
 
 
 8
 Under 18 U.S.C. § 3553(c)(2), the sentencing court is obligated to state its reasons for imposing a sentence that departs from the applicable guideline range. Here, the district court stated only that: "I'm departing on the basis that I think that this is aberrant conduct by the defendant. It all happened in a very short time without any prior record of any kind." This conclusory statement does not constitute a sufficient basis in the record for us to review the issue of downward departure. See United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991); United States v. Wells, 878 F.2d 1232, 1233 (9th Cir.1989):
 
 
 9
 The district court must set forth the specific aspects of the defendant's criminal history or of the charged offense that the district court believes have not been adequately represented in the recommended sentence.... [These] must be sufficiently specific so that this court can engage in the meaningful review envisioned under § 3742 of the Act.
 
 
 10
 On remand, if the district court imposes a sentence that falls outside of the applicable guideline range, it should make detailed findings describing the basis for such departure.
 
 CONCLUSION
 
 11
 For the reasons set forth above, we VACATE Colace's sentence and REMAND for resentencing.
 
 
 12
 VACATED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Offenses punishable by life imprisonment or death are Class A felonies
 
 
 [2]
 Moreover, if the district court had imposed a sentence of imprisonment, as required, it also would have had to impose a term of supervised release. U.S.S.G. § 5D1.1(a). That it did not do so further supports the conclusion that Colace's interpretation is erroneous