15 F.3d 1094
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Charles Juan STEVENSON, III, Defendant-Appellee.
 No. 92-50746.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 3, 1993.
Decided Jan. 10, 1994.
 
 Before: TANG, CANBY and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The United States appeals the sentence imposed on Stevenson, contending that the district court erred in concluding that the crime of possession of a weapon in prison under 18 U.S.C. Sec. 1791(a)(2) is not a "crime of violence" under the career offender provisions of the United States Sentencing Guidelines ("Guidelines"), that Stevenson was entitled to a downward departure based on "youthful lack of guidance," and that Stevenson merited a one level reduction for acceptance of responsibility. We have jurisdiction pursuant to 18 U.S.C. Sec. 3742. We vacate the sentence and remand.
 
 
 3
 * We review the district court's interpretation of the Guidelines de novo. United States v. Huffhines, 967 F.2d 314, 320 (9th Cir.1992). We use a categorical approach to determine whether an offense meets the provisions of Sec. 4B1.2(1). Id. at 320.
 
 
 4
 In United States v. Young, we held that the possession of a shank in jail in violation of California Penal Code Sec. 4574(a) constituted a crime of violence for purposes of the career offender provisions of the Guidelines. 990 F.2d 469 (9th Cir.), cert. denied, 114 S.Ct. 276 (1993). Stevenson argues that Young is distinguishable because the California statute proscribes "deadly weapons" while the federal statute's proscribes "... object[s] ... designed or intended to be used as a weapon." Though Young recites the phrase "deadly weapon" in its holding, 990 F.2d at 472, Stevenson's attempt to distinguish the statutes is at odds with our determination that the context is of controlling significance: "[i]n a prison setting, the possession by an inmate of a deadly weapon indeed presents a serious potential risk of physical injury to another (emphasis added)."[1] Id. at 472. Both Young and Stevenson were convicted for possessing a shank or homemade knife in violation of statutes prohibiting convicts from possessing weapons. Stevenson's conviction under Sec. 1791 is legally indistinguishable from Young's under California's Sec. 4574(a) and, hence, Young controls. The possession of a weapon in prison in violation of Sec. 1791(a)(2) is categorically a crime of violence for purposes of the career offender provisions of the Guidelines because it involves "conduct that presents a serious potential risk of physical injury to another."
 
 II
 
 5
 The government contests the district court's finding that Stevenson merited a downward departure for "youthful lack of guidance." Specifically, the government maintains that the district court erred in finding that Stevenson made a showing of "some connection ... between the youthful lack of guidance and the offense for which the defendant presently is being sentenced." United States v. Anders, 956 F.2d 907, 913 (9th Cir.1992), cert. denied, 113 S.Ct. 1592 (1993).
 
 
 6
 We review for clear error factual findings supporting the existence of an identified circumstance justifying a departure from the Guidelines. Anders, 956 F.2d at 909. 18 U.S.C. Sec. 3553(c) provides that the district court must state "the specified reason for imposition of a sentence different from that described [in the Guidelines]." United States v. Wells, 878 F.2d 1232 (9th Cir.1989).
 
 
 7
 The district court granted Stevenson a downward departure for "youthful lack of guidance" based on his early incarceration and some family disruption during his childhood. In making these findings, the district court did not clearly err.
 
 
 8
 However, the record is devoid of an affirmative finding concerning the connection required by Anders. The district court merely stated that "it's hard for me to see how there isn't [a causal connection between Stevenson's youthful lack of guidance and his present offense]." We find that the record is insufficient for appellate review and remand to the district court for reconsideration on the Anders question.
 
 III
 
 9
 The government appeals the district court's grant of a one level reduction for acceptance of responsibility. It argues that Sec. 3E1.1(a) does not authorize one level reductions; it also argues that the district court erred in finding that Stevenson merited a reduction in the first instance.
 
 
 10
 * The Guidelines authorize a two level reduction "if the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. Sec. 3E1.1(a). We review the district court's interpretation of the Guidelines de novo. Huffhines, 967 F.2d at 320. We agree with the government that the plain language of Sec. 3E1.1 does not provide for a one level reduction for acceptance of responsibility.
 
 B
 
 11
 The government contends that the district court mischaracterized the operative issue as whether Stevenson had one or two shanks in his possession. Finding that Stevenson admitted to having one shank in his possession, the court granted Stevenson a one level reduction.
 
 
 12
 We review for clear error. United States v. Joetzki, 952 F.2d 1090, 1096 (9th Cir.1991). "The determination of the sentencing judge is entitled to great deference on review." U.S.S.G. Sec. 3E1.1, comment. (n. 5).
 
 
 13
 Stevenson's mere admission that he possessed a shank, while insisting that the object was a "tool" and, thus, not a prohibited object, is not a sufficient basis for granting the acceptance of responsibility reduction. See United States v. Skillman, 922 F.2d 1370, 1378-79 (9th Cir.1990) ("The intent of the Guidelines is to give credit to the defendant who manifests sincere contrition"). However, we cannot say that the district court clearly erred. On the basis of the appellate record, we cannot determine what specific factors the district court used to support its decision to grant Stevenson a reduction for acceptance of responsibility. We remand for further findings as to whether Stevenson is entitled to a two level reduction for acceptance of responsibility.
 
 IV
 
 14
 We VACATE Stevenson's sentence and REMAND.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Our reading also avoids inquiries into the relative "dangerousness" of various jailhouse weapons