**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 95-5853

RAYMOND THOMAS OECHSLE, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CR-94-57)

Argued: September 24, 1996

Decided: November 12, 1996

Before ERVIN, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

**ARGUED:** George Alan DuBois, Assistant Federal Public Defender,
Raleigh, North Carolina, for Appellant. John S. Bowler, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee. **ON
BRIEF:** Janice McKenzie Cole, United States Attorney, J. Frank
Bradsher, Assistant United States Attorney, Raleigh, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Raymond T. Oechsle appeals his conviction of assault with intent to commit murder for his attack on a fellow inmate at the mental health unit of FCI-Butner facility on February 23, 1994. For the reasons that follow, we affirm Oechsle's conviction, but remand for resentencing consistent with our opinion in United States v. Rusher, 966 F.2d 868, 884 (4th Cir. 1992), cert. denied, 506 U.S. 926 (1992), which requires the court, when departing upward from the sentencing guidelines, to address sequentially each lower guideline category before sentencing a defendant at a higher category.

Oechsle's presentence report calculated Oechsle's offense level for his assault on Miller to be 34, and Oechsle's criminal history category to be III. This resulted in a sentence range of 188-235 months under the Federal Sentencing Guidelines. At Oechsle's sentencing hearing, the government requested an upward departure of sixty months, arguing that Oechsle's criminal history category underrepresented his actual criminal history and did not reflect his true propensity towards violence and his dangerousness to society. In arguing for the upward departure, the government presented evidence that Oechsle had committed three prior brutal assaults that were not taken into account by the presentence report. After receiving this evidence, the district court departed upward, sentencing Oechsle to 415 months in prison, almost the maximum sentence authorized under law. The only explanation given by the court for its departure was the following: "[t]he court finds that [Oechsle's] criminal history is inadequately represented by his criminal history score, and that his propensity towards violence and dangerousness to the community in which he resides is outweighed [sic] by his criminal history score." J.A. at 24.

In United States v. Rusher, we held that "a general recitation that the defendant's criminal history category or offense level underrepre-

2

sents, in the sentencing court's opinion, the defendant's criminal record of the seriousness of the offense" is insufficient to justify an upward departure from the sentencing guidelines. See 966 F.2d at 863 (quoting United States v. Wells, 878 F.2d 1232, 1233 (9th Cir. 1989)). We held that the district court must sequentially address each sentencing category, "refer[ring] first to the next higher [criminal history] category" and moving on "to a still higher category only upon a finding that the next higher category fails adequately to reflect the seriousness of the defendant's record." Rusher , 966 F.2d at 884.

Here, the sentence imposed by the district court was higher than that allowed by criminal history category VI, which is three categories higher than Oechsle's presentencing report criminal history category of III. The district court therefore was required to consider in turn criminal history categories IV, V, and VI and to explain why none of these categories adequately represented Oechsle's criminal history. Additionally, when departing above criminal history category VI, the guidelines require the court to "structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." U.S.S.G.§ 4A1.3, p.s.

Because failure to follow the procedures outlined in Rusher constitutes reversible error, see United States v. Harrison, 58 F.3d 115 (4th Cir. 1995), we remand to the district court for resentencing. In doing so, we do not intend to suggest that the ultimate sentence imposed upon Oechsle is unwarranted or unjustifiable. The purpose of the remand is only to ensure that we have an explanation of the district court's sentencing decision adequate to permit meaningful appellate review.

We have examined Oechsle's remaining claims on appeal and find them to be meritless. Oechsle claims that the district court committed reversible error by failing to give the jury a self-defense instruction. Because Oechsle did not present evidence at trial from which a reasonable jury could find that Oechsle assaulted Miller in self-defense, we conclude that the district court did not so err. The only evidence supporting a claim of self-defense at trial was Oechsle's self-serving testimony that he feared he was in danger of being sexually assaulted by Miller. Even assuming Oechsle held such a belief, such a belief

3

would not have necessitated a self-defense instruction on the facts of this case. The uncontroverted evidence showed that the assault occurred in the prison laundry room to which Oechsle had voluntarily accompanied Miller. At the time of the assault, Oechsle stood between Miller and the exit to the laundry room, and Miller's back was to Oechsle. Miller weighed 130 lbs.; Oechsle weighed 185 lbs. Miller had no visible weapon; Oechsle was armed with two shanks. Oechsle stabbed Miller twenty-two times with those shanks, while Miller offered no resistance and tried to escape. At one point, Miller escaped from Oechsle and managed to crawl into the hallway looking for help. Once in the hallway, Miller again ran into Oechsle who was fleeing the scene of the crime, and Oechsle again proceeded to stab Miller. Given these uncontroverted facts, no reasonable jury could find that Oechsle had a viable self-defense claim; hence no self-defense instruction was required.

Oechsle also objects to the admission of evidence at trial relating to one of his prior stabbing assaults. Oechsle at one point testified that nothing similar to his laundry room encounter with Miller had ever occurred. In rebuttal, the district court allowed the government to present evidence that Oechsle had stabbed a man in a park in September of 1993. Rule 404(b) of the Federal Rules of Evidence excepts from its prohibition on the admission of evidence of prior bad acts, evidence introduced to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." F.R.E. 404(b). Here, the evidence of Oechsle's prior stabbing was sufficiently similar in nature to his stabbing of Miller that it tended to prove his criminal intent. In both stabbings there were allegations, inter alia, of perceived homosexual overtures from the victim, followed by a facade of compliance from Oechsle, who then stabbed his victim in the back once the victim's guard was down. Under these circumstances the trial judge did not abuse its discretion in admitting the evidence of the prior stabbing.

Oechsle also contends that the district court sentenced him above the recommended guidelines solely because of an outburst by Oechsle in the courtroom during the sentencing hearing. Because we herein remand for a fuller explanation of the district court's sentencing decision, we need not, and do not address, this claim.

4

For the reasons stated herein, the case is remanded to the district court for resentencing.

<u>AFFIRMED IN PART AND</u>
<u>VACATED AND REMANDED IN PART</u>

5