**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Frank C. DOERING, aka Carl Marty
Doering, Defendant–Appellant.**

**No. 89–50092.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submission Deferred
Oct. 3, 1989.

Resubmitted June 12, 1990.

Decided July 26, 1990.

Knut S. Johnson, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellant.

Gregory A. Vega, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before WALLACE, PREGERSON and ALARCON, Circuit Judges.

PER CURIAM:

Doering pleaded guilty to the crime of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In imposing Doering's sentence, the district court departed upward from the 18 to 24 month range indicated by the Sentencing Guidelines (the Guidelines) and imposed a five year custodial sentence—the maximum term for the conviction pursuant to 18 U.S.C. § 924(a)—and a three year term of supervised release. The district court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We vacate and remand.

I

Initially, Doering contends that the sum of his supervised release term and the term of his custodial sentence may not exceed the statutory maximum term of imprisonment. This argument is foreclosed by our recent decisions in *United States v. Montenegro–Rojo*, 908 F.2d 425 (9th Cir. 1990), and *United States v. Robertson*, 901 F.2d 733 (9th Cir.1990), where we held that

"a sentencing judge is free to impose a period of supervised release regardless of the length of time of the defendant's prison term." *Montenegro–Rojo*, 908 F.2d at 434; *see also Robertson*, 901 F.2d at 735.

## II

■ Doering next argues that the district court erred by departing upward beyond the guideline range. A court may impose a sentence outside the guideline range if it " 'finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines....' " *United States v. Michel*, 876 F.2d 784, 786 (9th Cir.1989), *quoting* 18 U.S.C. § 3553(b). We review such departures according to a five-step process:

1. we first inspect whether the district court stated its reasons for departing from the Guidelines by adequately identifying the "aggravating or mitigating circumstance" (circumstance);

2. if it did, we then review for clear error whether the identified circumstance actually existed;

3. if it did, we then review de novo whether the circumstance was of a kind adequately taken into consideration by the Sentencing Commission;

4. if, and only if, it was not, we review for an abuse of discretion the district court's decision whether that unconsidered circumstance should result in departure; and,

5. if the circumstance warrants departure, we review for an abuse of discretion whether the extent or degree of departure was reasonable. *United States v. Lira–Barraza*, 897 F.2d 981, 983–86 (9th Cir. 1990).

Turning to step one, the parties dispute the basis of the district court's decision to depart. The government contends that the court departed to reflect the atypical aspects of Doering's crime—taking and holding Ms. Cummings against her will, pointing a gun at her, and beating her over a three day period. Doering contends that the court's primary reason for departure was to secure psychiatric treatment for him. Upon reading the sentencing transcript, it is clear to us that the district court did depart, at least in part, based upon Doering's need for psychiatric treatment. The court plainly stated that "[t]he sentence is imposed for the purpose of perhaps securing some beneficial treatment, psychiatric treatment."

Assuming without deciding that, under review of step two, the district court did not clearly err in determining that psychiatric treatment would be beneficial to Doering, we turn to step three of *Lira–Barraza*: whether the need for psychiatric treatment is a circumstance that was adequately considered by the Sentencing Commission. Section 5H1.3 of the Guidelines states that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the guidelines, except as provided in the general provisions in Chapter Five." United States Sentencing Commission, *Guidelines Manual*, § 5H1.3 (Nov. 1989) (U.S.S.G.). Parsing this language, it is clear that a defendant's mental and emotional condition is only relevant to a sentencing determination (1) in the extraordinary case and (2) as provided in Chapter Five of the Guidelines.

■ The only potentially relevant exception under Chapter Five is section 5K2.13's diminished capacity exception. It provides:

> If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from the voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public.

U.S.S.G. § 5K2.13. This section clearly does not apply here. Doering's crime was hardly non-violent and by its terms, the section only applies to downward departures.

Thus, we are left to decide whether *the need* for psychiatric help constitutes the type of extraordinary instance where a defendant's mental and emotional condition is relevant to the sentencing determination. The answer to this question is plainly no. 28 U.S.C. § 994(k), in outlining the duties of the Sentencing Commission, explicitly provides that

> [t]he Commission shall insure that the guidelines reflect the inappropriateness of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the defendant or providing the defendant with needed educational or vocational training, medical care, or other correctional treatment.

This language makes abundantly clear that the need for psychiatric treatment is not a circumstance which justifies departure. We, therefore, conclude that the district court erred by departing upward based upon Doering's need for psychiatric care.

Finally, even if the government is correct that the district court based its departure decision on other factors as well, we are required to remand for resentencing. In *United States v. Cervantes Lucatero*, 889 F.2d 916 (9th Cir.1989), we held that "when some of the reasons stated are proper and some are improper, we must vacate and remand for resentencing." *Id.* at 919. Consequently, because we have already determined that the district court relied on at least one impermissible factor in sentencing Doering—his need for psychiatric treatment—we conclude that his sentence must be VACATED AND REMANDED.