925 F.2d 1465
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry SKELTON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-5785.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1991.
 
 Before KEITH and KRUPANSKY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Jerry Skelton, a/k/a Phillip Nodine, a pro se federal prisoner, appeals the district court's order denying his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Skelton filed his motion to vacate his sentence challenging his guilty plea conviction on one count of unlawful and willful escape from custody in violation of 18 U.S.C. Sec. 751(a) and the resulting sentence of 33 months incarceration and three years supervised release. Skelton asserted: (1) that the sentence imposed by the district court was illegal because it was longer than the statutory maximum penalty; (2) that his trial counsel was ineffective; and (3) that he was denied due process of law because invalid or inaccurate information in the pre-sentence report was used to enhance his sentence.
 
 
 3
 After reviewing the record, the district court denied the motion to vacate, finding that Skelton had not established a right to relief. Skelton has filed a timely appeal.
 
 
 4
 Upon review, we affirm the district court's judgment for the reasons stated by the district court in its order of May 22, 1990, as none of Skelton's assertions of error reflects that he was denied the rudimentary demands of fair procedure. United States v. Timmreck, 441 U.S. 780, 783 (1979).
 
 
 5
 The district court did not impose an illegal sentence upon Skelton, because the three-year period of supervised release does not extend Skelton's imprisonment and does not create a violation of the statutory maximum sentence. See United States v. Doering, 909 F.2d 392, 393-94 (9th Cir.1990) (per curiam); United States v. Butler, 895 F.2d 1016, 1018 (5th Cir.1989), cert. denied, 111 S.Ct. 82 (1990). Skelton has also failed to establish that his trial counsel was ineffective. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Finally, Skelton has also failed to establish that the information before the trial court at sentencing was false. United States v. Stevens, 851 F.2d 140, 142 (6th Cir.1988).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.