977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John L. PASCUCCI, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-15504.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1992.*
Decided Oct. 21, 1992.
 
 Before JAMES R. BROWNING, DAVID R. THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Pascucci appeals from the denial of his motion to correct his sentence under 28 U.S.C. § 2255. We affirm.
 
 
 3
 Pascucci previously appealed his sentence unsuccessfully. After the decision came down in his appeal, but while his motion for rehearing was still pending on the direct appeal, Pascucci filed the unsuccessful § 2255 motion which is the subject of this appeal. We review the denial of a § 2255 motion de novo. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990).
 
 
 4
 The district court properly denied the § 2255 motion, because a § 2255 motion may not be heard while an appeal is pending. Black v. United States, 269 F.2d 38, 41 (9th Cir.1959), cert. denied, 361 U.S. 938 (1960). An appellate court has jurisdiction over a case until it issues the mandate. United States v. DiLapi, 651 F.2d 140, 144 (2d Cir.1981), cert. denied, 455 U.S. 938 (1982). When a motion for rehearing is filed, the issuance of the mandate is ordinarily stayed until 7 days after the motion is denied. Fed.R.App.P. 41(a).
 
 
 5
 To avoid needless relitigation of issues raised in this appeal, we treat them now, even though the prematurity of the § 2255 motion alone suffices to require affirmance.
 
 
 6
 Pascucci's § 2255 motion would have to be denied, even if it were not premature, because it raises the same issues already disposed of in his direct appeal. A claim that the petitioner raised on direct appeal may not be considered in a subsequent § 2255 motion, United States v. Redd, 759 F.2d 699, 700-01 (9th Cir.1985), absent a showing of manifest injustice or a change in the law. Polizzi v. United States, 550 F.2d 1133, 1135 (9th Cir.1976). A claim for relief is successive "if the basic thrust or 'gravamen' of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments." Molina v. Rison, 886 F.2d 1124, 1129 (9th Cir.1989) (§ 2255 motion). Thus, a newly raised issue is a new claim only if it is "itself a ground for relief, as opposed to being merely a supporting argument or predicate step to a larger, basic claim." Id.
 
 
 7
 On direct appeal of his sentence, Pascucci argued that the district court lacked the authority to depart, and that it departed too far, because the court's reasons for departing had already been taken into account by the guideline applicable to abuse of trust, U.S.S.G. § 3B1.3. In his § 2255 motion, Pascucci contends that the district court lacked the authority to depart, because it relied on Pascucci's mental condition and need for psychiatric treatment. The basic claim is the same here as it was before: the district court lacked authority to depart. Pascucci fails to show that the law has changed or any manifest injustice resulting from the district court's denial of his motion. He cannot rely on United States v. Doering, 909 F.2d 392 (9th Cir.1990) to show that the law has changed, because it was filed more than one year before his direct appeal was decided. The claims Pascucci raised in his § 2255 motion were already raised and rejected on direct appeal, and therefore his motion must be dismissed.
 
 
 8
 Even if there were no procedural obstacles to Pascucci's appeal, he would lose on the merits. He argues that the trial court erroneously departed upward because the judge thought he was mentally ill. But the transcript shows the contrary. The judge said "I think you are sick, sir, I think you are really sick, and if I didn't think you were sick, I would bounce this up to five or six years in a big hurry." The custody part of Pascucci's sentence was three years. That means Pascucci's sentence was reduced, not increased, because of the district court's finding that he was mentally disturbed. United States v. Doering, 909 F.2d 392 (9th Cir.1990), in which the court held that "the need for psychiatric counseling is not a circumstance which justifies departure," id. at 395, has no bearing, because there was no departure on the basis of need for psychiatric counseling.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3