122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Keith FISH, Defendant-Appellant.
 No. 96-10532.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 5, 1997.
 
 Appeal from the United States District Court for the District of Arizona John M. Roll, District Judge, Presiding
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donald Keith Fish appeals his 24-month sentence imposed following his guilty plea to transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(ii). Fish contends that the district court erred by departing upward from criminal history category I to VI. We review for an abuse of discretion, United States v. Sablan, 114 F.3d 913, 916 (9th Cir.1997) (en banc), and vacate and remand.
 
 
 3
 A sentencing court considering departing should ask "[w]hat features of this case, potentially, take it outside the Guidelines' 'heartland' and make of it a special, or unusual, case?" See id. (citing Koon v. United States, 116 S.Ct. 2035, 2045 (1996)). "If the special factor is a forbidden factor, the sentencing court cannot use it as a basis for departure." Koon, 116 S.Ct. at 2045. "If the special factor is a discouraged factor ... the court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. Id. at 2045. When the district court bases its departure decision on proper as well as improper factors, we must vacate and remand for resentencing. See United States v. Doering, 909 F.2d 392, 395 (9th Cir.1990) (per curiam).
 
 
 4
 A district court has the authority to depart upward where "reliable information indicates that the criminal history catagory does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3 (1996); see United States v. Rodriguez-Martines, 25 F.3d 797, 798 (9th Cir.1994). However, the guidelines discourage departures based on a defendant's mental and emotional condition. See U.S.S.G. § 5H1.3 (1996); Doering, 909 F.2d at 394 ("A defendant's mental and emotional condition is only relevant to a sentencing determination (1) in the extraordinary case and (2) as provided in Chapter Five of the Guidelines.") Accordingly, the district court should depart based upon mental condition only in exceptional circumstances. See Sablan, 114 F.3d at 917; Doering, 909 F.2d at 394-95.
 
 
 5
 Here, the district court relied on several factors in departing upward in Fish's criminal history catagory: 1) under-represented criminal history, 2) escalating level of violence, 3) substantial mental health problems, and 4) refusal to take medication.
 
 
 6
 Although the district court found that "there are very substantial mental health problems presented," the court did not determine that Fish's mental health problems are present to an exceptional degree. See Sablan 114 F.3d at 917. Moreover, the district court's reference to Fish's failure to take medication indicates that the it may have based its decision, at least in part, on his need for psychiatric treatment. This is an improper ground for departure. See Doering, 909 F.2d at 394-95 (the need for psychiatric treatment is an impermissible factor).
 
 
 7
 Because the district court relied on at least one impermissible factor, we must vacate and remand for resentencing. See id. at 395. Although, we do not reach the issue of whether the district court's departure was unreasonable, we note that on remand the district court should "set[ ] out findings justifying the magnitude of its decision to depart and extent of departure from the Guidelines." See Sablan, 114 F.3d at 919; see also United States v. Rodriguez-Martinez, 25 F.3d 797, 798 (9th Cir.1994) ("Ordinarily, the district court should determine whether a defendant's actual criminal history most closely resembles the next highest criminal history catagory before concluding that defendant's record is so severe that comparison to a higher catagory is warranted.").
 
 
 8
 VACATED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3