142 F.3d 444
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Glenda KLEEMAN, Petitioner,
v.
United States Parole Commission, Respondent.
 No. 97-10531.
(Reg.No. 69914-080).
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 2, 1998**.
Decided April 10, 1998.
 
 On Petition for Review of a Decision of the United States Parole Commission.
 Before REINHARDT, T.G. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Glenda Kleeman seeks review of the United States Parole Commission's ("Commission") determination of a release date from federal custody for her re-classified crime of voluntary manslaughter pursuant to a prisoner transfer treaty between the United States and Mexico. We review the Commission's decision to depart from the United States Sentencing Guidelines for an abuse of discretion, see Koon v. United States, 518 U.S. 81, 116 S.Ct. 2035, 2046, 135 L.Ed.2d 392 (1996).
 
 
 3
 In its first determination of Kleeman's release date, the Commission set a release date after 72 months in prison, a downward departure from the guideline range for second degree murder. The Commission based this departure, in part, on Kleeman's delusional mental condition at the time of the offense. After we re-classified the offense as voluntary manslaughter, see Kleeman v. United States Parole Commission, 125 F.3d 725, 727 (9th Cir.1997), the Commission set Kleeman's release date at 60 months in prison, an upward departure from the guideline range of 41-51 months. The Commission justified this departure on Kleeman's "chronic mental health problem" that "was a significant contributing factor" in the killing.
 
 
 4
 The Commission relied on the same factor--Kleeman's mental condition--to depart downward from the second degree murder guideline range as it did to upwardly depart from the voluntary manslaughter guideline range. But Kleeman's mental condition is the very factor that placed her offense within the classification of voluntary manslaughter--her mental condition prevented her from forming malice.
 
 
 5
 "It is clear that a defendant's mental and emotional condition is only relevant to a sentencing determination (1) in the extraordinary case and (2) as provided in Chapter Five of the Guidelines." United States v. Doering, 909 F.2d 392, 394 (9th Cir.1990). Chapter Five provides that an offender characteristic, such as a mental condition, may be relevant if the characteristic "is present to an unusual degree and distinguishes the case from the 'heartland' cases." U.S.S.G. § 5K2.0. Thus, the proper consideration is whether Kleeman's mental condition makes the facts of her offense an atypical voluntary manslaughter case, not whether Kleeman's mental condition is unusually severe.
 
 
 6
 Sudden quarrel or heat of passion are not essential elements of voluntary manslaughter but may demonstrate that the defendant acted without malice. See United States v. Ouintero, 21 F.3d 885, 890-91 (9th Cir.1994). In our first review of this case, we held that Kleeman acted with "a deluded irrational intent or passionate state of mind at the moment of the offense." Kleeman, 125 F.3d at 732. Therefore, although Kleeman's mental condition was unusually severe and was aggravated by a extreme combination of unusual factors, her mental state at the time of killing was not atypical for a voluntary manslaughter case. Kleeman's case falls squarely within the "heartland" of voluntary manslaughter; therefore, the Commission abused its discretion in relying on Kleeman's mental condition to depart upward from the guidelines range.
 
 
 7
 To the extent the Commission attempts to use Kleeman's mental condition as a basis for showing her danger to others, we find no factual basis in the record for this finding.
 
 
 8
 We REVERSE and REMAND to the Commission to set Kleeman's release date within the 41-51 month guidelines range.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3