**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John KIKUYAMA, Defendant–Appellant.**

No. 97–10415.

United States Court of Appeals,
Ninth Circuit.

Submitted May 5, 1998.*

Decided Aug. 4, 1998.

---

**1.** The Honorable James Maxwell Moody, United States District Judge for the Eastern District of Arkansas.

* The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and 9th Cir. R. 34–4.

Elizabeth A. Fisher, Honolulu, Hawaii, for defendant-appellant.

Edward Kubo, Jr., Assistant United States Attorney, Honolulu, Hawaii, for plaintiff-appellee.

Before: LAY,** GOODWIN and SCHROEDER, Circuit Judges.

PER CURIAM.

In 1994, John Kikuyama was indicted for two bank robberies while on supervised release following his earlier conviction for bank larceny. Pursuant to a plea agreement, Kikuyama pleaded guilty in federal district court to one count of bank robbery under 18 U.S.C. § 2113(a). At that time, the district court held a consolidated hearing to sentence Kikuyama for both the bank robbery conviction and for violating the conditions of his supervised release. The district judge sentenced Kikuyama to twelve months of incarceration for violating the terms of his supervised release, and forty-six months of incarceration for the bank robbery conviction. Pursuant to 18 U.S.C. § 3584,[1] the district court ordered the sentences to be served consecutively. Kikuyama appealed.

---

** Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

1. Section 3584 states in relevant part:
   "If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . ."
   18 U.S.C. § 3584(a).

On March 17, 1997, we affirmed Kikuyama's bank robbery conviction. *See United States v. Kikuyama,* 109 F.3d 536, 539 (9th Cir.1997) (*Kikuyama I* ). However, we remanded Kikuyama's case for resentencing on the grounds that the district court had improperly considered Kikuyama's presumed need for mental health treatment in reaching its sentencing decision. *Kikuyama I,* 109 F.3d. at 538–39 (citing *United States v. Doering,* 909 F.2d 392, 395 (9th Cir.1990)).

At Kikuyama's resentencing hearing, the court and the parties agreed that the only issue before the court was whether Kikuyama's forty-six-month sentence for bank robbery should run consecutively or concurrently with his twelve-month sentence for violating the conditions of his supervised release. *See* Kikuyama Excerpts of R. at 67–68. When it resentenced Kikuyama, the district court cited three factors that weighed in favor of imposing consecutive sentences on Kikuyama: (1) Kikuyama's previous adjudications on several occasions as a juvenile; (2) Kikuyama's conviction for manslaughter in 1974, and (3) Kikuyama's escalating criminal behavior, which provided an appearance of enhanced dangerousness.

*See id.* at 89. The court then concluded it was appropriate to sentence Kikuyama consecutively. Kikuyama now appeals.

Kikuyama contends that when the district court imposed consecutive sentences upon him, it failed to determine a "reasonable incremental punishment" as required by federal sentencing guideline § 5G1.3(c),[2] and it failed to justify its upward departure. For the following reasons, we disagree with Kikuyama's contentions.

The version of guideline § 5G1.3(c) in effect at the time of Kikuyama's original sentencing, and at the time of his resentencing, directs a sentencing court to impose a sentence to run either "concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a *reasonable punishment* for the instant offense." U.S.S.G. § 5G1.3(c), p.s. (1995) (emphasis added).[3] In determining whether a concurrent, partially concurrent, or consecutive sentence is a reasonable punishment, and to avoid unwarranted disparity, a sentencing court should consider the factors set out in 18 U.S.C. § 3553(a).[4] *See* 18

---

2. It appears Kikuyama quotes the 1994 version of guideline § 5G1.3 which states:

    (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

    (b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

    (c) (Policy Statement) In any other case, the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense.

    U.S.S.G. § 5G1.3 (1994).

3. Generally, a district court applies the version of the federal sentencing guidelines that is in effect on the date the defendant is sentenced. *See United States v. Warren,* 980 F.2d 1300, 1304 (9th Cir.1992). Following remand for resentencing, and absent an ex post facto problem, the district court applies the version of the federal sentencing guidelines that is in effect on the date of resentencing. *See United States v. Fagan,* 996 F.2d 1009, 1018 (9th Cir.1993).

The district court originally sentenced Kikuyama on January 11, 1996. The district court resentenced Kikuyama on September 15, 1997. On both of these dates, the 1995 version of the federal sentencing guidelines was in effect. The 1995 version of guideline § 5G1.3(c) does not direct a court to impose a "reasonable incremental" punishment as Kikuyama contends. The "reasonable incremental" requirement of § 5G1.3(c) was deleted by amendment effective November 1, 1995.

4. Section 3553(a) states:

    (a) FACTORS TO BE CONSIDERED IN IMPOSING A SENTENCE.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed—

U.S.C. § 3584; U.S.S.G. § 5G1.3, comment. (n.3); *United States v. Garcia–Cruz*, 40 F.3d 986, 987 (9th Cir.1994). Further, a sentencing court should be aware of factors such as (1) the type and length of the undischarged sentence; (2) the time served on the undischarged sentence and the time likely to be served before release; (3) the fact that the prior undischarged sentence may have been imposed at a different time before the same or different federal court; and (4) any other circumstance relevant to the determination of an appropriate sentence for the instant offense. *See* U.S.S.G. § 5G1.3, comment. (n.3).

From our review of the record as a whole, we find the district court considered the proper factors and achieved a reasonable punishment when it imposed consecutive sentences upon Kikuyama. Thus, the district court complied with guideline § 5G1.3(c). Further, the imposition of consecutive sentences on Kikuyama is not an upward departure. *See United States v. Redman*, 35 F.3d 437, 442 (9th Cir.1994); *United States v. Conkins*, 9 F.3d 1377, 1385 (9th Cir.1993). We therefore conclude the district court acted within its discretion when it sentenced Kikuyama. *See* 18 U.S.C. § 3584. Accordingly, the district court's judgment is AFFIRMED.

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.