**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis MEJIA–HERNANDEZ,**
**Defendant–Appellant.**

No. 00–10114.
D.C. No. CR–99–00040–ECR/RAM.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 2001*.

Decided Feb. 23, 2001.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before ALARCÓN, KOZINSKI, and HAWKINS, Circuit Judges.

MEMORANDUM **

The district court did not abuse its discretion when it imposed a consecutive sentence. Sentencing Guidelines § 5G1.3(c) allows sentencing courts to impose a consecutive sentence in order to achieve a reasonable punishment for the offense. In determining what punishment would be reasonable, the district court properly considered the factors set forth at 18 U.S.C. § 3553(a). *United States v. Kikuyama,* 150 F.3d 1210, 1212 (9th Cir.1998).

■ There was no improper delay in arresting and charging Mejia–Hernandez. The federal government cannot charge a state prisoner with federal crimes until the state case against him has been resolved. 18 U.S.C. app. 2 § 2.

■ The district court's discretionary decision not to depart downward based on a "delay" in bringing the federal charges is not reviewable on appeal. *United States v. Wetchie,* 207 F.3d 632, 633 n. 1 (9th Cir.2000).

■ Mejia–Hernandez's claims that he should have received downward departures for cultural assimilation and the "double-counting" of his prior federal conviction were waived when they were not presented in the district court. *United States v. Quesada,* 972 F.2d 281, 283–84 (9th Cir.1992).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

